**WESTERN SURETY COMPANY,**
Plaintiff,

v.

**Charles Ray RICH et al., Defendants.**

Civ. No. 6884.

United States District Court
W. D. Oklahoma.

June 29, 1956.

Hanson & Green, Oklahoma City, Okl., for plaintiff.

Looney, Watts, Looney, Welch, Hamill & Nichols, Oklahoma City, Okl., Criswell & Criswell, Wewoka, Okl., for defendants.

RIZLEY, District Judge.

On June 26, 1956, this case came on to be heard and trial was had by the court on plaintiff's first cause of action which arises out of a judgment obtained in the District Court of Oklahoma County in favor of R. R. Reynolds against the defendant Charles Ray Rich and the plaintiff herein, Western Surety Company. Reynold's action was predicated upon a claim for damages for injuries he sustained because of assault and battery committed on him by Rich while Rich was sheriff of Seminole County, Oklahoma. The plaintiff, Western Surety Company, was the surety bondsman for Rich as sheriff when the assault was made on Reynolds by Rich. From the judgment obtained by Reynolds in the District Court of Oklahoma County, the plaintiff herein, Western Surety Company, and the defendant herein, Charles Ray Rich, appealed to the Supreme Court of Oklahoma. The judgment was affirmed by the Supreme Court of Oklahoma and became final. Rich v. Reynolds, Okl., 277 P.2d 985. Subsequently the judgment was paid by the Western Surety Company, plaintiff in this case. Plaintiff herein is now suing Rich for reimbursement for the amount it was obliged to pay which was in excess of the sum of $3,000.

Plaintiff's second cause of action is ancillary to and in furtherance of the relief sought in its first cause of action. Plaintiff's second cause of action is for the purpose of setting aside a conveyance of real estate made by Rich to his co-defendant, Georgia Rich Chatagnier.

By permission of this court, the plaintiff was permitted to amend his original complaint to include both a second and third cause of action.

Plaintiff's third cause of action is against Rich as executor of the estate of Martha J. Floyd, deceased. The prayer of the plaintiff in its third cause

of action is for an injunction against the defendant Rich as executor to prohibit him from disposing of or doing any act which would diminish the size or value of the interest of Rich individually in the estate of which he is executor.

The defendant Rich admits the rendition of judgment against him and in favor of Reynolds in the Oklahoma County District Court. He also admits the payment by Western Surety Company of the judgment and the costs incident thereto. He pleads as a defense, among other things, justification and self-defense in his altercation with Reynolds.

Defendant Rich further says that subsequent to the filing of plaintiff's suit he was adjudicated a bankrupt, that he scheduled as one of his creditors the plaintiff and its claim based on the judgment it had paid for him. He further says that the judgment which is the basis of plaintiff's first cause of action is dischargeable in bankruptcy and requests a stay of this proceeding pending finality in the bankruptcy proceeding.

As to plaintiff's second cause of action based upon what it contends to be a fraudulent conveyance of certain real estate from the defendant Rich to his co-defendant Chatagnier, the defendants Rich and Chatagnier have answered by way of general denial and pleading good faith in the transfer of the real estate and have demanded a jury.

To the third cause of action, Rich as executor has filed a motion to dismiss.

The only issue therefore before the court at this time for final determination is on the plaintiff's first cause of action. As to that the court finds and determines:

(1) That there is diversity of citizenship and that the amount in controversy exceeds the sum of $3,000 and that by reason thereof this court has jurisdiction.

(2) The court finds that the defendant Charles Ray Rich is estopped by the finality of the judgment in Reynolds v. Rich and Western Surety Company from offering any testimony or other evidence in the case for the purpose of contradicting or altering the evidence and findings in the assault and battery case.

(3) The court further finds that the plaintiff as surety for Rich was and is entitled to recover all expenses and disbursements including the judgment that it paid as surety arising out of the assault and battery action, including appeal, which the court finds to be $4,335.86, together with interest from January 26, 1955, until paid.

(4) The court finds that the debt sued upon herein is not a dischargeable debt under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., the basis of the debt being a judgment obtained as a result of willful and unlawful assault by Rich on Reynolds. That the payment of the judgment by the surety company does not take the debt out of the category of claims that the bankruptcy statutes specifically exempt from being dischargeable.

Judgment will be for the plaintiff in its first cause of action for the sum prayed for in its petition. Counsel will prepare and submit the journal entry in accordance with the views expressed herein.

As to the plaintiff's second cause of action, the case is continued for trial by jury.

The motion to dismiss plaintiff's third cause of action is sustained.