**Juan RIVERA, Plaintiff,**

v.

**MOORE–McCORMACK LINES, INC.,
Defendant.**

United States District Court
S. D. New York.

Feb. 10, 1965.

---

**234**

Robert D. Gould, New York City, for plaintiff; Levy, Levy & Ruback, New York City, Sydney Basil Levy, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant; Joseph M. Cunningham, New York City, and Robert C. Mirone, New York City, of counsel.

METZNER, District Judge.

This is a Jones Act suit brought by plaintiff Rivera. Defendant has asserted as a counterclaim a judgment for $80,000 which it obtained against Rivera in a prior litigation.

In that action a seaman sued the defendant for injuries sustained on its vessel in an altercation with Rivera. Defendant instituted a third party action against Rivera for breach of his implied agreement to perform his duties in a proper and workmanlike manner. The plaintiff there obtained a judgment against defendant and it in turn recovered over against Rivera. The Court of Appeals found that the evidence showed that Rivera had been guilty of willful conduct when he made an unprovoked attack which was characterized by uncontrolled violence. Horton v. Moore-McCormack Lines, 326 F.2d 104, 106 (2d Cir.1964).

Rivera then filed a petition in bankruptcy and listed defendant's judgment among the liquidated claims against him. Subsequently he received a discharge in bankruptcy.

Rivera now moves for summary judgment on the counterclaim, asserting that the liability on the judgment was released by his discharge in bankruptcy. Defendant contends that the debt was not discharged because it is a liability for willful and malicious injury to the person or property of another and therefore excepted from discharge by 11 U.S.C. § 35, sub. a(2). The question for determination is whether a debt based on a breach of a contractual duty is excepted from discharge in bankruptcy because the act which breached the contract was a willful and malicious injury to another.

Clearly the form of the judgment itself does not control and resort may be had to the entire record to determine dischargeability. Greenfield v. Tuccillo, 129 F.2d 854 (2d Cir.1942). An act may be merely negligent to predicate civil liability, or it may be the result of willfulness and malice. This is an issue to be resolved before dischargeability is determined, and the theory of recovery—tort or contract—is immaterial. McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916); Greene v. Lane, 87 F.2d 951, 109 A.L.R. 1188 (7th Cir.1937); Barbery v. Cohen, 183 App.Div. 424, 170 N.Y.Supp. 762 (1918).

The Court of Appeals has shown that Rivera's act was willful and malicious and that is sufficient to except this judgment from discharge. In Western Surety Co. v. Rich, 141 F.Supp. 872 (W.D. Okla.1956), it was held that the obligation to a surety who had paid a judgment, which arose by virtue of the defendant's assault on another, was not discharged in bankruptcy. Plaintiff argues that

Rich is distinguishable, since there the debt arose out of a surety relationship, while here it arises out of a contractual relationship. Such a difference does not call for a different result. In both cases there was a debt owing based on an assault committed by the bankrupt and the creditor was not the victim of the assault.

Motion denied. So ordered.