**Yetta H. KAUFMAN, Appellee,**

**v.**

**Albert ABRAMSON, Ruth Abramson, Henry S. Reich, Anne S. Reich, Bernard Libby, Beverly Libby, Jacob Lehrman, Charlotte F. Lehrman, Emanuel Cohen, Lawrence Solomon, Lillian C. Solomon and Israel Cohen, partners, trading as Willow Lawn Apartments, Appellants.**

**No. 10461.**

United States Court of Appeals
Fourth Circuit.

Argued May 31, 1966.

Decided July 21, 1966.

Angus H. Macaulay, Jr., Richmond, Va. (Thomas E. Crosley, Jr., and Denny, Valentine & Davenport, Richmond, Va., on brief), for appellants.

Marshall L. Lowenstein, Richmond, Va. (White, Roberts, Cabell & Paris, Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge:

This is a suit for compensatory and exemplary damages for injuries and losses suffered while being evicted from an apartment house. Plaintiff at the time of the eviction was 79 years old. Almost a year prior to the incident she had suffered a stroke, and since her hospitalization has been confined to a wheel chair and required the constant assistance of an attendant. Effective June 1, 1963, plaintiff, through her family, leased an apartment in a high-rise building. The apartment management was aware of her medical history and her need for constant attention at the time of negotiating the lease. Discussions were had, and the management agreed prior to

signing the lease that the plaintiff's nurse could reside in the same apartment to provide medical attention around the clock. After the plaintiff began her residence defendants received complaints from other tenants concerning odors caused in the building by plaintiff's soiling herself and her failure to be properly dressed. Further complaints were received of the attendant's failure to keep sanitary the common laundry facilities and noise resulting from the plaintiff calling to her attendant.

As a result of the complaints defendants, by letter dated June 28, 1963, advised the plaintiff through her attorney in fact:

"* * * That the lessor has exercised its option to terminate such lease for breach of covenants * * * and that demand is hereby made for immediate possession of the leased premises."

Paragraph 7 of the lease provided:

"That said Lessee covenants and agrees that [she] * * * will not use * * * said premises * * * or suffer the same to be used in any noisy * * * offensive * * * or improper manner."

At this time, while denying any breach of the lease, plaintiff's family agreed to make arrangements for her removal. After further correspondence defendants on August 1st attempted to change the locks on plaintiff's apartment but were prevented from doing so by plaintiff's son-in-law. Checks were accepted for July and August rent, but the management subsequently attempted to return the August rent check. During this time plaintiff's family continued attempts to secure other accommodation. Though no date could be set for plaintiff's removal, defendants were aware of the continued efforts to make these arrangements. On August 5th the plaintiff's daughter assured the apartment manager that plaintiff would depart "within four or five days at the latest." On August 6th defendants caused electric service to be discontinued from the apartment, cutting off appliances and air conditioning. The increased temperature aggravated the plaintiff's medical condition and required calling a physician. The district judge awarded $750.00 in actual damages, including $10.00 for medical services, $15.00 for spoilage of food in the refrigerator, $125.00 for rent lost in August, and the remainder for pain and suffering. He further awarded $2,500.00 in exemplary damages.

 The district judge found that the plaintiff had not breached her covenant. We need not consider whether this finding is correct. Even if the covenant had been breached the defendants were entitled to use only "such reasonable force as was necessary, short of that which threatened death or serious bodily harm, to regain possession." Shorter v. Shelton, 183 Va. 819, 33 S.E.2d 643, 646 (1945). The medical testimony is uncontradicted that defendant's action in cutting off the air conditioning in the apartment, causing it to heat up considerably, "could have precipitated another cerebral accident" to a person in the plaintiff's condition. Defendants were fully aware of plaintiff's impaired health. Under the circumstances, therefore, defendants' action was unreasonable, in that it threatened serious bodily harm or death. Such unreasonable conduct is actionable even if the plaintiff had violated the terms of the lease.

 The district judge also awarded exemplary damages. "Exemplary damages are allowable only where there is misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others." Wood v. American Nat. Bank, 100 Va. 306, 40 S.E. 931, 934 (1902); Wright v. Everett, 197 Va. 608, 615, 90 S.E.2d 855, 859 (1959). This is clearly a question of fact. Upon the record we cannot say that the district judge was clearly erroneous in his determination. Defendants knew of the plaintiff's physical condition; they also knew that plans were being made to move her from the premises in a short time. No attempt was made by the defendants to

avail themselves of judicial proceedings. Code of Virginia § 8–789 (1957 Repl. Vol.). This evidence could reasonably have formed a basis for a finding that defendants' action was in conscious disregard of the plaintiff's rights.

The decision of the district court is Affirmed.