NATIONAL HOMES CORPORATION,
Plaintiff,

v.

LESTER INDUSTRIES, INC., et al.,
Defendants.

Civ. A. No. 66–C–20–D.

United States District Court,
W. D. Virginia,
Danville Division.

Jan. 26, 1972.

Edwin B. Meade, Danville, Va., for plaintiff.

John W. Carter, Danville, Va., for defendants.

WIDENER, Chief Judge.

On July 23, 1969, a judgment was entered in favor of National Homes Corporation against Lester Industries, Inc., and Lawson L. Lester, Jr., in this court at Danville. The judgment read, in part, as follows:

"Compensatory damages $285,000.00, plus interest at the rate of 6% per annum from March 19, 1968 until paid, plus costs.

"Punitive damages in favor of the plaintiff against the defendant, Lawson L. Lester, Jr., in the sum of $25,000.00."

The Fourth Circuit affirmed in 425 F.2d 1210 (1970). The award of punitive damages was not pursued on appeal.

The defendant, Lawson L. Lester, Jr., was adjudged bankrupt in an involuntary proceeding on October 20, 1969.

On July 20, 1971, the defendant, Lawson L. Lester, Jr., filed a motion to quash a writ of fieri facias which had issued as a result of the July 23, 1969 judgment. The defendant Lester contends that both the punitive and the compensatory damages recovered in the judgment are dischargeable in bankruptcy.

The issue to be decided in this case is whether the punitive damages in the amount of $25,000.00 awarded in the July 23, 1969 judgment were discharged by the bankruptcy proceeding. The court finds that they were not.

11 U.S.C. § 35(a) (2)[1] provides, in pertinent part, that: "A discharge in bankruptcy shall release a bankrupt from

---

1. The parties have agreed that this case is tried under 11 U.S.C. § 35(a) (2), as it existed prior to the 1970 amendments to the Bankruptcy Act. Accordingly, all references to the Bankruptcy Act in this opinion are prior to the 1970 amendments, which became effective sixty days after October 19, 1970, and more than a year after the judgment in question in this case was entered in the district court and the bankruptcy action was filed. Since the phrasing of the exception in 11 U.S.C.A. § 35(a) (8), in the 1970 amendment, as to willful and malicious injuries, is the same as in 11 U.S.C. § 35(a) (2) (pre-1970), the amendment to the statute makes no substantive difference in the decision of this case.

all of his provable debts, whether allowable in full or in part, except such as . . . are liabilities for . . . willful and malicious injuries to the person or property of another . . ."

 In determining whether a judgment claimed to be for willful and malicious injuries is dischargeable in bankruptcy, resort may be had to the entire record. Greenfield v. Tuccillo, 129 F.2d 854 (2nd Cir. 1942). See McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916), in which the Supreme Court looked at the findings of the trial court to determine if a debt were dischargeable as willful and malicious. Neither the form of the judgment nor the theory of the recovery, whether in tort or contract, controls. Rivera v. Moore-McCormick Lines, Inc., 238 F. Supp. 233 (S.D.N.Y., 1965).

The opinion of the district judge (sitting by assignment), which is contained in the record, reflects that the punitive damages against the individual defendant were awarded for willful and malicious injuries to the property of the plaintiff in this action. The following language from the opinion of the trial judge reflects his findings and conclusions on the issue of punitive damages:

"The court finds that the defendants did, in fact, profit from their willful and deliberate violation of the restrictive covenants, which is the subject of this suit.

"The defendant Lester's disregard for the rights of plaintiff is evidenced by the fact that subsequent to the court's injunction issued against him, said injunction was violated by the defendant, for which he and the corporate defendant were fined.

"The court finds that the defendants caused 37 out of 67 employees who had been employed by Lesco Homes to resign their positions and commence employment with Lester Industries, Inc., all to the monetary damage of the plaintiff, in not only loss of efficiency but the time and expense of training new employees.

"The court finds that the ledger cards heretofore referred to in this memorandum as being charred and now illegible had at one time been ordered to be produced for examination by the plaintiff at a time when they were in fact legible, but were not produced by reason of the individual defendant's statement that he did not realize counsel wished to see them, and subsequent thereto same were burned." Record p. 264.

\* \* \* \* \* \*

"The court finds that the defendant, Lester, although the principal perpetrator of the actions which damaged the plaintiff, allegedly receives a salary of $1.00 per year. The court has little confidence in the testimony of the defendant Lester." Record p. 265.

\* \* \* \* \* \*

"The plaintiff prays that punitive damages be assessed against the individual defendant. Punitive damages are allowable only where there is misconduct or malice, or such recklessness or negligence as evidences a conscious disregard of the rights of others—unquestionably this is a question of fact. See Kaufman v. Abramson, 363 F.2d 865 (4th Cir. 1966).

"The court finds that a person of defendant Lester's business experience and acumen knew the ramifications of the restrictive covenant which he entered into with the plaintiff, and his continued business activity as well as his conduct in regard to the court's injunction amounted to a conscious disregard of plaintiff's rights.

"The court finds this to be a proper case for punitive damages." . . .

Record p. 267.

The district judge had at hand as a part of the record the findings of the first district judge to hear the merits of the case, which are reported in 293 F. Supp. 1025 (W.D.Va.1968), which findings are all to the effect that the acts complained of were conscious and deliberate, as contrasted to inadvertent and done in good faith. The opinion of the

first district trial judge, in 293 F.Supp. 1025, was affirmed in the Fourth Circuit in 404 F.2d 225 (1968), except that the relief granted by the district judge was expanded by the Court of Appeals.

██ In determining whether such a judgment is dischargeable in bankruptcy under 11 U.S.C. § 35(a) (2), it is proper to consider the law of the state under which the judgment was entered, to determine whether or not a judgment under the state law would be permitted which includes the necessary willful and malicious elements set out in 11 U.S.C. § 35(a) (2). An examination of Virginia law makes it clear that a judgment such as the one here in question is permitted although the suit may sound principally in contract. The Virginia law may be stated as follows:

> "As a general rule, damages for breach of contracts are limited to the pecuniary loss sustained. According to the overwhelming weight of authority, exemplary damages are not recoverable in actions for breach of contract, although there are dicta and intimations in some of the cases to the contrary. *This rule does not obtain, however, in those exceptional cases where the breach amounts to an independent, wilful tort,* in which event exemplary damages may be recovered under proper allegations of malice, wantonness, or oppression—as, for example, in actions for breach of marriage contracts." [Citations omitted] Wright v. Everett, 197 Va. 608, 615, 90 S.E.2d 855, 860 (1956). [Emphasis added]

"Exemplary damages are allowable only where there is misconduct or malice, or such recklessness or negligence as evidences a conscious disregard of the rights of others." Wood v. American Nat. Bank, 100 Va. 306, 316, 40 S.E. 931, 934 (1902); Wright v. Everett, 197 Va. 608, 615, 90 S.E.2d 855, 859 (1959). Cited in Kaufman v. Abramson, 363 F. 2d 865 (4th Cir.1966).

The principal defense relied upon here is that 11 U.S.C. § 35(a) (2) relates only to torts and not to breaches of contract. The defendant cites 9 Am.Jur. Bankruptcy, § 786, and Sales Finance Corporation v. Dimock, 340 Mass. 310, 164 N.E.2d 133 (Mass.1960). See also Collier on Bankruptcy, 14th Ed. § 17.17.

██ In the opinion of the court, such a construction of the Bankruptcy Act is far too narrow and should not be followed here. In the first place, the words of the statute are plain: a debt is not dischargeable if it is "for willful and malicious injuries to the person or property of another." The statute does not attempt to distinguish whether such debt arose on account of contract or tort theory. The question to be determined is not whether it was on account of contract or tort, but simply whether on account of a willful or malicious injury to person or property. The court considers the proper reasoning to have been expressed in *Rivera* where it is said that ". . . the theory of recovery—tort or contract—is immaterial." 238 F. Supp. 233, 234. A similar contention, that conversion was not within the willful and malicious provision of the Bankruptcy Act as amended in 1903, which was in like language to the provision here considered, was rejected by the Supreme Court in *McIntyre*. There, the Supreme Court looked at the findings of the trial court, which had been affirmed by the Court of Appeals of New York, and found that a conversion of property which was in fact willful and malicious was a willful and malicious injury within the meaning of the Bankruptcy Act, although conversions were not mentioned within that part of the statute excluding certain classes of debts from discharge.

Another separate and distinct reason which will independently support the holding of the court is that, under Virginia law, it may be said that exemplary damages for breach of contract are not recoverable except "in those exceptional cases where the breach amounts to an independent, wilful tort." Wright at p. 615, 90 S.E.2d at p. 860. So, under Virginia law, the punitive damages awarded

by the district judge could not have been awarded unless the act charged amounted to an independent willful tort. From the decision awarding punitive damages, the defendant did not appeal, although other aspects of the case were appealed from, as previously noted.

■ There is some variance in the decisions as to what should make up the record to be considered by a court deciding the dischargeability of such a judgment, and the extent of the consideration. See Collier on Bankruptcy, 14th Ed., paragraph 17.17[2]; Peerson v. Mitchell, 205 Okl. 530, 239 P.2d 1028 (1950), cert. den. 342 U.S. 866, 72 S.Ct. 106, 96 L.Ed. 652; *Greenfield*, 129 F.2d at p. 856. In the opinion of this court, issues which have been necessarily litigated in the court which entered the judgment are *res adjudicata* and may not be re-tried by the court considering the dischargeability of the judgment. It is further the opinion of this court that the whole record of the court entering the judgment should be considered.

For example, if the trial judge had specifically found that as a matter of fact and as a matter of law that the acts complained of were "willful and malicious injuries" to person or property and had entered judgment accordingly, this court would be without power to reconsider the same. On the other hand, if such court had not made such a conclusion, and here such a specific finding was not made, this court may examine such parts of the record of the court entering the judgment as may be necessary to determine whether or not the acts complained of, for which judgment was entered, constitute willful and malicious injuries within the meaning of the statute.

In the case at hand, the question of whether or not to consider the whole record might properly be considered moot, for the plaintiff objected to the introduction of the record here while the defendant did not. In any event, it is the opinion of the court that the findings of the district judge trying the case amply support the conclusion that the judgment for punitive damages was awarded for willful and malicious injuries within the meaning of the statute. In Tinker v. Colwell, 193 U.S. 473, 24 S. Ct. 505, 48 L.Ed. 754 (1904), the Supreme Court approved definitions of willful and malicious as used in the section of the Bankruptcy Act under consideration. " . . . the act of the defendant . . . which caused the injury was wilful, because it was voluntary." 193 U.S. 473, 486, 24 S.Ct. 505, 508, 509. "Malice, in common acceptation, means ill will against a person; but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse." 193 U.S. 473, 485, 486, 24 S.Ct. 505, 508. The defendant profited from "willful and deliberate violation" of the restricted covenants; the defendant was fined for violation of an injunction issued in this case; the defendant caused more than half of plaintiff's employees to resign their positions; the defendant did not produce ledger cards pursuant to order of the court; the court stated it had little confidence in the testimony of the defendant Lester; Lester's acts were a "conscious disregard of plaintiff's rights." The trial judge stated that "punitive damages are allowable only where there is misconduct or malice, or such recklessness or negligence as evidences a conscious disregard of the rights of others." In the opinion of the court, the whole record shows that the acts of the defendant Lester were deliberate and conscious and not even lowered to the lesser degree of reckless or negligent. The acts of the defendant Lester for which judgment for punitive damages was entered were unquestionably ' willful and malicious within the meaning of the statute. *McIntyre,* supra; *Tinker,* supra; Harrison v. Donnelly, 153 F.2d 588 (8th Cir. 1946). As such, the judgment for punitive damages is not dischargeable under 11 U.S.C. § 35(a) (2).