**In re Evelyn House WEBSTER, Bankrupt.**

**GLEMBY INTERNATIONAL VIRGINIA, INC., Plaintiff,**

**v.**

**Evelyn House WEBSTER, Defendant.**

**Bankruptcy No. 79–00001.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Aug. 27, 1979.

Charles K. Watson, Jr., Adamson & Adamson, Richmond, Va., for bankrupt/defendant.

S. Miles Dumville, Breeden, Howard & MacMillan, Norfolk, Va., for Glemby International Virginia, Inc.

## MEMORANDUM OPINION

BLACKWELL J. SHELLEY, Bankruptcy Judge.

On May 22, 1978 a judgment was entered in the Circuit Court of the City. of Hampton, Part II in favor of Glemby International Virginia, Inc. against Evelyn Webster. The Court in rendering judgment in its oral opinion stated:

> "What the Court feels is this is a simple common law action in tort based on a person wilfully and maliciously setting themselves on a course of action knowing full well that the result of this course of action will be of great or considerable monetary loss to another . . . the Court feels that this defendant did wilfully and maliciously perform this action. . . ."

The Defendant was adjudged a bankrupt on a voluntary petition filed herein on January 2, 1979. The Plaintiff filed a complaint for the determination of dischargeability of the aforesaid judgment on January 12, 1979. The Plaintiff on March 1, 1979, filed a motion for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure made applicable herein by Bankruptcy Rule 756. Defendant on May 1, 1979 filed her answer to said motion and the matter has been submitted on briefs in argument.

■ The determination of the issue of dischargeability under the 1970 amendments to the Bankruptcy Act (§ 17c) was placed in the bankruptcy courts. Those Courts have since then persistently held that judgments procured by default in a non-bankruptcy court even though clearly alleging a non-dischargeable liability, is not collateral estoppel to any defense the bankrupt may allege in the dischargeability hearing. *DLR, Inc., et al. v. Lamar Garrad,* 3 Bankr.Crt.Dec. 233 (N.D.Ga.) (Cohen, B. J.). However, if the question of fraud was actually and necessarily litigated in the non-bankruptcy court before bankruptcy ensues, and if fraud is clearly found, the bankrupt is estopped to deny the fraud in any later action in the bankruptcy court to determine dischargeability. *National Homes Corporation v. Lester Industries, Inc.,* 336 F.Supp. 644 (W.D.Va.1972). Consistent with this line of cases are the comments by Judge Cowan (3 *Cowan's Bankruptcy Law and Practice,* Para. 443, West Publishing Co. 1972); Professor Vern Countryman, *The New Dischargeability Act,* 45 *American Bankruptcy Law Journal* 1 (1945); and 1 *Collier on Bankruptcy,* pg. 1650.1 (14th Ed.1973).

The Court of Appeals for the Third Circuit in 579 F.2d 289 (3rd Cir. 1978), *McMillan, et al. v. Freedom Finance Co., Inc.,* (1978) discussed the issue of collateral estoppel. It affirmed the Bankruptcy Judge's ruling that he was bound to ascertain for himself that the elements of an objection to dischargeability have been fully proved and to that end the Court must review the prior proceeding and determine whether the elements of conduct essential to the issue are contained in the record. The Circuit Court stated that four requirements must be met before collateral estoppel effect can be given to a prior action:

"(1) The issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment."

■ Without the benefit of the trial transcript of the prior proceeding, this Court would not be able with any assurance to determine that the aforesaid criteria has been met. Filed as an exhibit with the Plaintiff's motion is a complete transcript of the state court trial proceeding. That transcript includes testimony of all witnesses, argument of counsel, the opinion of that court and its rendition of judgment. The state court dismissed the counts in the complaint relative to the conspiracy and fiduciary relationship of the parties, but rendered its judgment on the count which alleged a wilful and malicious interference by the Defendant with the contractual rights of the Plaintiff with certain of its employees. The court in its oral opinion found as a matter of fact that the "Defendant did wilfully and maliciously perform this action. . . ." (TR at 217) This trial was conducted without a jury. The trial judge made the findings of fact as well as the law. He granted final judgment in the amount of $900.00 for compensatory damages and $2,500.00 in punitive damages. No appeal was taken from the decision of the court.

The entire record of that proceeding has been reviewed by this Court. This was done for the sole purpose of determining that the elements essential to a finding of non-dischargeability under § 17a(2) of the Bankruptcy Act was presented and proven to the satisfaction of that tribunal. Even though this Court may not necessarily agree that the findings of fact are sufficient to reach a conclusion that the conduct was wilful and malicious, it is precluded from any other determination. *See Collier on Bankruptcy, 14th Ed.* § 17.17[2] pg. 1663 and *National Homes Corporation v. Lester Industries, Inc.,* (supra) at page 648, where it is clearly stated:

"[I]f the trial judge had specifically found that as a matter of fact and as a matter of law that the acts complained of were 'willful and malicious injuries' to person or property and had entered judgment accordingly, this court would be without power to reconsider the same. On the other hand, if such court had not made such a conclusion . . . this court may examine such parts of the record of the court entering judgment as may be necessary to determine whether or not the acts complained of, for which judgment was entered, constitute willful and malicious injuries within the meaning of the statute."

*National Homes Corporation,* (supra) appears to be dispositive of the issue here. The wilful and malicious conduct in that case arose as a result of the bankrupt causing more than half of the employees of the plaintiff to resign their position and commence employment with his corporation to the monetary damage of plaintiff. Such is the similarity of the two cases, for here Webster induced Plaintiff's employees to leave and more than half of them commenced employment with Webster. Of the seven employees in the Plaintiff's salon at the time of her departure as manager, Webster took with her to her own shop four of them. (TR at 194 and 197) It was this act that the court considered to be wilful and malicious and for which it ordered payment of $2,500.00 in punitive damages and $900.00 in compensatory damages.

■ Where the judgment is based on wilful and malicious conduct, neither the compensatory nor the punitive damages are dischargeable. *Coen v. Zick,* 458 F.2d 326 (9th Cir. 1972). As such, the judgment entered for $3,400.00 would not be dischargeable under § 17a(2) of the Bankruptcy Act.

■ It is the opinion of the Court that all material matters of fact and law necessary to the determination of the issue have been fully litigated and finally decided in the Circuit Court of the City of Hampton, Part II, and there being no genuine issue as to any material fact, the Plaintiff, pursuant to Bankruptcy Rule 756 and Rule 56 of the Federal Rules of Civil Procedure is entitled to judgment as a matter of law.

An appropriate order shall issue.