In the Matter of Jack ESKENAZI; f/a/w Our Toy Bargain Centers, Inc.; d/b/a Our Toy Centers; f/a/w Esko Industries, Inc.; d/b/a Jack Eskenazi Enterprises; d/b/a Diversified Vending, Debtor.

SEVEN ELVES, INCORPORATED, Plaintiff,

v.

Jack ESKENAZI, etc., Defendant.

Bankruptcy No. BK79–22867–BR.
Adv. No. 80–0114.
Appeal No. 80–00011–KDG.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Sept. 18, 1980.

Decided Oct. 16, 1980.

John F. Schaffer, Houston, Tex., for plaintiff.

Richard D. Sievert, Mayer & Glassman Law Corp., Los Angeles, Cal., for defendant.

## OPINION

Before KATZ, DAVIS and GEORGE, Bankruptcy Judges.

LLOYD D. GEORGE, Bankruptcy Judge:

The instant appeal comes from a determination of Bankruptcy Judge Barry Russell, of the Central District of California, that an obligation evidenced by a Texas federal court judgment, owed by the Defendant–Appellee to the Plaintiff–Appellant, is dischargeable by way of the above–entitled case in bankruptcy. Specifically, the Plaintiff–Appellant asks that we hold as clearly erroneous a finding by Judge Russell that the Defendant–Appellee had acted without malice and with probable cause in joining in the filing of an involuntary bankruptcy petition against Seven Elves, Incorporated. Although the outstanding judgment of the Plaintiff–Appellant was based upon an action for malicious prosecution, we must hold Judge Russell to have been justified with respect to his findings in this case. Judgment is affirmed.

## I. BACKGROUND

In 1975, Mr. Jack Eskenazi, the Defendant–Appellee was president of Esko Industries, Inc., a wholesale discount toy company. At that time, Esko Industries had its assets controlled by General Electric Corporation, its major creditor. Acting under some pressure from General Electric to collect on its accounts receivable, and apparently following a number of unsuccessful efforts to collect a $7,000 receivable alleged to be due and owing from the Plaintiff–Appellant, Mr. Eskenazi joined two other creditors in filing an involuntary petition in bankruptcy against Seven Elves, Incorporated. Thereafter, however, the United

States Bankruptcy Court for the Southern District of Texas determined that Seven Elves was not, in fact, a bankrupt and dismissed that proceeding.

In 1976, an action was instituted by the Plaintiff–Appellant against Mr. Eskenazi and others for damages based on a claim of malicious prosecution arising from the aforementioned aborted bankruptcy proceeding. For a number of reasons relating to his own weak financial condition, the Defendant–Appellee failed to appear at the trial held before the United States District Court for the Southern District of Texas in 1978. Following the presentation of certain prima facie evidence, a judgment was entered in favor of Seven Elves and against Mr. Eskenazi.

Unable to pay this and other obligations, Mr. Eskenazi filed a petition under Chapter 7 of the Bankruptcy Code [11 U.S.C. §§ 701, et seq. (1978)] on October 26, 1979. Subsequently, Seven Elves filed its COMPLAINT OBJECTING TO DISCHARGE with respect to its judgment claim, attaching to the said complaint the Findings of Fact, Conclusions of Law, and Judgment of the Southern Texas District Court. Judge Russell reviewed these documents, along with the answer of the Defendant–Appellee. He then entertained additional evidence from both parties on the various elements of the Plaintiff–Appellant's case. From the totality of the evidence presented, he found that although the Texas court had considered the Seven Elves involuntary bankruptcy proceeding to have been instituted by Mr. Eskenazi "for vindictive reasons and with malice," [Finding of Fact No. 15],

> "[t]here [was] no evidence that the filing of the aforesaid Petition for Involuntary Bankruptcy was unjustified; to the contrary, there [was] evidence that SEVEN ELVES was in financial distress at the time of such filing."

[Finding of Fact No. 11].

Judge Russell then concluded that the doctrines of res judicata and collateral estoppel were not applicable to prevent his examination of additional evidence. Based upon such an examination, Judge Russell

found a lack of malice on the part of the Defendant–Appellee in his having joined in the filing of the involuntary bankruptcy petition against Seven Elves. [Conclusions of Law Nos. 1 & 2]. This being the case, he further held that "[t]he actions of ESKENAZI in instituting the aforesaid Bankruptcy proceeding against SEVEN ELVES did not result in willful and malicious injury to SEVEN ELVES within the meaning of those terms as set forth in *11 U.S.C., Section 523(a)(6)*." [Conclusion of Law No. 3] [Emphasis original]. Hence, Judge Russell was led to rule that "[t]he obligation of ESKENAZI to SEVEN ELVES, as represented by the aforesaid judgment of October 23, 1978 in Civil Action number 76–H–1970, is dischargeable in these bankruptcy proceedings." [Conclusion of Law No. 4].

## II.  ANALYSIS OF FACTS AND LAW

### A.  *Res Judicata and Collateral Estoppel*

■ Since the issuance of the decision of the United States Supreme Court in the case of *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), little doubt has remained but that the doctrine of res judicata is inapplicable with regard to dischargeability questions under Section 17a(2), (4), and (8) of the old Bankruptcy Act. Moreover, we agree with Judge Russell that no reason exists why the rationale of the *Brown* decision should not be utilized in dealing with cases under Section 523(a)(2), (4), and (6) of the 1978 Bankruptcy Reform Act. Under both the old and the new Acts, Congress has endowed the bankruptcy courts with exclusive jurisdiction to handle dischargeability questions arising from the factual situations set forth in the cited sections. *See* 11 U.S.C. § 35(c) (1976) & 11 U.S.C. § 523(c) (1978).

■ The *Brown* Court, however, specifically refrained from ruling on whether the principle of collateral estoppel would prevent a court from examining evidence on issues of fact, relevant to the question of dischargeability, which had already been determined by another non–bankruptcy court. *See Brown v. Felsen,* 442 U.S. 127,

139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767, 776 n. 10 (1979). Nevertheless, in this Circuit, that question has been addressed on a number of occasions and the rule which has uniformly been applied would permit a bankruptcy court to entertain additional evidence on factual questions already answered by non–bankruptcy tribunals. *See Lawrence T. Lasagna, Inc. v. Foster,* 609 F.2d 392 (9th Cir. 1979); *In re Houtman,* 568 F.2d 651 (9th Cir. 1978). *Cf. In re Kasler,* 611 F.2d 308 (9th Cir. 1979) (allowing an application of the collateral estoppel doctrine where parties rested their respective cases on the judgment in the prior proceeding, and where the facts found by the first tribunal were "essential to the prior decision as a matter of law"). We must therefore hold that Judge Russell acted quite properly in entertaining evidence beyond the record of the Texas case, and that he could weigh that evidence against the prior record to make his own determination on the dischargeability question.

### B. The Clearly Erroneous Standard

█ It is agreed by both parties that, with respect to factual determinations in cases governed by the Federal Rules of Bankruptcy Procedure, an appellant must show that a trial judge's findings are "clearly erroneous" before an appellate court will set such aside. F.R.B.P. Rule 810. We do not hold the findings of Judge Russell to be clearly erroneous in the instant proceeding.

Certainly, Judge Russell did have before him a fair modicum of evidence which may have indicated that Mr. Eskenazi had, in fact, acted with malice in aiding in the filing of the involuntary bankruptcy petition against Seven Elves, Incorporated. Not only were the findings of the Texas court to that effect, but in addition, the Plaintiff–Appellant presented one witness who claimed to have had discussions with Mr. Eskenazi wherein the Defendant–Appellee stated that he "intentionally and deliberately" wanted to put Seven Elves into bankruptcy and to drive its principal, Gary Woodall, out of business. [RT 55].

Nonetheless, the Texas judgment came by way of a default, and the witness mentioned above, Ronald Richard, also stated that Mr. Eskenazi never admitted that he had filed that particular petition with a vindictive or malicious purpose. [RT 56]. Moreover, the testimony given by Mr. Eskenazi, by his former attorney, Charles C. Fitzgerald, and by Mr. Hugh William Dodds, a former credit and collection manager for Esko Industries, Inc., plainly indicates that these gentlemen only considered the filing of the involuntary petition against Seven Elves after other collection efforts had proven unsuccessful and following a report from one collection agency that a number of judgments were already outstanding against the Plaintiff–Appellant. Taking this evidence into consideration, and recognizing our own practical constraints in attempting to determine witness credibility from a cold record, the Panel must find that Judge Russell's findings were not so "clearly erroneous" as to warrant their rejection on appeal. And, since no one questions the need for proof of willfulness and malice under 11 U.S.C. § 523(a)(6), the Panel must affirm the conclusion reached by Judge Russell that this debt should be discharged in the Defendant–Appellee's bankruptcy case.

### III. CONCLUSION

This Panel finds that Judge Russell correctly entertained evidence beyond the findings, conclusions, and judgment of the United States District Court for the Southern District of Texas. We further hold that Judge Russell's own findings were not clearly erroneous, and that these findings properly served, as a matter of law, as the basis for his determination of dischargeability in the instant adversary proceeding.

Affirmed.