**In re Charles A. OSWALD, Debtor(s).**

**CITIZENS & SOUTHERN INTERNATIONAL BANK, INC., Plaintiff,**

**v.**

**Charles A. OSWALD, Defendant.**

**Bankruptcy No. 84–00171–BKC–TCB.**
**Adv. No. 84–0218–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

June 11, 1984.

Norman Kapner, West Palm Beach, Fla., for debtor.

Dale F. Webner, Miami, Fla., for plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

A judgment creditor seeks exception from discharge under 11 U.S.C. § 523(a)(2)(A), (4), or (6) for its judgment in the amount of $55,858. The debtor has answered. The matter was heard on June 5.

Plaintiff rests upon the Partial Findings of Fact and Conclusions of Law dated August 15, 1981 and the Final Judgment dated April 10, 1982, entered by Judge Eaton, Chief Judge of the District Court for this District. It is settled, of course, that res judicata based upon the judgment of another court cannot preclude this court in actions like this one. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The fact that the judgment is that of a District Court rather than a State court is immaterial.

The Supreme Court expressly declined to pass upon the application of collateral estoppel with respect to the facts found in the non-bankruptcy judgment in the trial of a discharge or exception from discharge case in this court. However, I

agree with the holding in *Matter of Eskenazi,* 6 B.R. 366, 369 (Bkrtcy.App. 9th Cir. 1980), that with respect to the issue of dischargeability the bankruptcy court is never precluded from examining evidence on issues of fact already determined by another non-bankruptcy court.

■ This does not mean that the non-bankruptcy judgment has no evidentiary value. As was recognized in *Eskenazi* at 369, the non-bankruptcy judgment is prima facie evidence of the facts found in that judgment, if they were essential to the prior decision as a matter of law. If, as is the case here, neither party elects to present evidence tending to show the existence of fact issues with regard to the recitation in the non-bankruptcy judgment, those facts are entitled to the weight of any other unrebutted evidence. This was the point decided in *Carey Lumber Co. v. Bell,* 615 F.2d 370, 378 (5th Cir.1980). That decision is presently binding within this Circuit.

The only evidence offered by the debtor in this court was the testimony of the attorney who represented him in the District Court. The testimony was offered in an effort to support the debtor's plea that:

"Defendant admits that he was afforded due process, but states that he was unable to take full advantage of it because at the time his financial condition was weak, that of the Plaintiff in this cause was unlimited, and because of the international nature of the lawsuits it was virtually impossible for him to defend the suit in an appropriate and proper manner."

I find, however, that the defense offered was appropriate and vigorous. There is no evidence before me that the failure or inability to take depositions in Trinidad affected the District Court outcome in any way. There is no reason why the findings of the District Court may not be given full effect in this proceeding.

■ The District Court found (Exhibit 1 p 2) that on June 6, 1978, the debtor as president of the consignor presented to a correspondent and advising bank, a draft for the purchase price of a $76,000 shipment of animal feed. Along with the draft, the debtor presented shipping documents required under the letter of credit including a bill of lading materially altered by him. I infer from the foregoing facts and find that he did so with the intent of deceiving and defrauding the bank and the plaintiff.

The effect of the debtor's acts is characterized as follows by the District Court:

"The Bank paid on a bill of lading presented by the shipper which in fact was a 'forged' instrument, i.e., a 'model' bill materially altered by the inscription thereon of the word 'ORIGINAL' and the inclusion of a date and the placing of an unauthorized signature purporting to be that of the issuing carrier. The authority given the shipper by the carrier to 'cut his own documents' was expressly limited to the authority to prepare 'models' for later *issuance by Mayan.* The instrument upon which the Bank relied in paying under the letter of credit was not Mayan's bill of lading. (Indeed had Mayan's true bill of lading been presented, it would not have complied with the terms of the letter of credit, which required bills dated not later than June 1, 1978; Mayan's true bill was dated June 6.)"

The foregoing findings were litigated before and were essential to the District Court's decision. The District Court also found that the damages suffered by the plaintiff, and recoverable jointly and severally from the debtor and others, total $55,858. Judgment in that amount was entered on April 10, 1982. The judgment, by its terms, bears interest at the rate of 12%. No part of the judgment has been paid.

I find and conclude therefore that the debtor obtained money for the consignor, which he served as president, by actual fraud and that the debt owed the plaintiff and reflected by the 1982 judgment results from that fraud. Plaintiff is entitled to exception from discharge for its judgment under § 523(a)(2)(A).

In reaching the foregoing conclusion, I have not overlooked the fact that there is

no evidence before me that the debtor *personally* received any property or money as a result of his fraud. I am satisfied, however, that it is not necessary that the property or money be actually procured for the debtor himself. It is sufficient that the money was procured for the benefit of the corporation he headed. *Collier on Bankruptcy* (15th ed.) ¶ 523.08[1] n. 4.

Although it is not necessary, in view of the foregoing determination, that the plaintiff's alternative prayer for exception from discharge under § 523(a)(4) and under § 523(a)(6) be considered, I do not believe that the record before me warrants exception under either provision. *Collier on Bankruptcy*, (15th ed.) ¶ 523.14 and .16.

As is required by B.R. 9021(a), a separate judgment will be entered excepting from discharge plaintiff's judgment under § 523(a)(2)(A). Costs may be taxed on motion.