**In the Matter of Ralph Leland CASE, Debtor.**

**William E. SWISHER, Plaintiff,**

v.

**Ralph Leland CASE, Defendant.**

**Bankruptcy No. 87–00821–SJ–DJS. Adv. No. 87–0180–SJ.**

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

June 15, 1987.

Order Directing Response July 2, 1987.

Michael P. Harris, St. Joseph, Mo., for plaintiff.

Frank P. Barker, III, Barker, Rubin & Sonnich, Kansas City, Mo., for defendant.

## ORDER DIRECTING DEBTOR TO SHOW CAUSE IN WRITING WITHIN 15 DAYS OF THE DATE OF FILING OF THIS ORDER WHY A DECREE OF NONDISCHARGEABILITY SHOULD NOT BE ISSUED ON THE BASIS OF THE STATE COURT JUDGMENT

DENNIS J. STEWART, Chief Judge.

A complaint to determine dischargeability of an indebtedness of the defendant to plaintiff was filed by the plaintiff on May 4, 1987. The plaintiff alleges that he has obtained a jury verdict on June 21, 1984, in the Circuit Court of Andrew County, Missouri, awarding him actual damages of $4,600 and punitive damages of $22,500 against the defendant. Copies of the judgment and the minutes of the state court proceedings are attached to the complaint.

From a review of the complaint and the attachments, it appears that the plaintiff may be entitled to the degree of nondischargeability on the basis of the state court record. "Upon a judgment on the claim in the state court, the bankruptcy court can review the record, hear additional evidence if offered or desired, and then make a determination on the crucial issue of dischargeability. This procedure provides for greater savings in time, resources and expenses of the courts and parties involved." *In re Mountjoy,* 368 F.Supp. 1087, 1096 (W.D.Mo.1973). "In determining whether a judgment claimed to be for willful and malicious injuries is dischargeable in bank-

ruptcy, resort may be had to the entire record." *National Homes Corp. v. Lester Industries, Inc.,* 336 F.Supp. 644, 646 (W.D.Va.1972). "If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of section (523), then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." *Brown v. Felsen,* 442 U.S. 127, 140, n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979). With respect to the critical issue of whether the injuries to property were willful and malicious, the record in the state court shows that the instruction given by the state court was to the following effect:

> "If you find the issues in favor of plaintiff William E. Swisher, and if you believe the conduct of defendant R. Leland Case ... was willful, wanton or malicious, then in addition to any damages as to which you find plaintiff William E. Swisher ..., you may award plaintiff William E. Swisher an additional amount as punitive damages in such sum as you believe will serve to punish defendant R. Leland Case and deter him and others from like conduct.

> "The term 'malicious' as used in this instruction does not mean hatred, spite or ill will, as commonly understood, but means *the doing of a wrongful act intentionally without just cause or excuse.*" (Emphasis added.)

It appears that the definition meets the federal standard. See, e.g., *St. Paul Fire & Marine Ins. Co. v. Vaughn,* 779 F.2d 1003, 1008 (4th Cir.1985) ("(S)pecific malice on the part of the debtor is not required under section 523(a)(6) ... '(m)alicious is wrongful and without cause or excuse ... You don't necessarily have to have ill will as malicious is used in this sense.' "); *Bennett v. W.T. Grant,* 481 F.2d 664 (4th Cir. 1973) ("(I)f the act of conversion is done deliberately and intentionally in knowing disregard of the rights of another, it falls within the statutory exclusion."); *In re Long,* 774 F.2d 875, 881 (8th Cir.1985) ("allowing a finding of malice when conduct 'necessarily causes injury.' "). Accordingly, it is hereby

ORDERED that the debtor show cause in writing within 15 days of the date of filing of this order why a decree of nondischargeability should not be issued on the basis of the state court judgment.

ORDER DIRECTING DEFENDANT FURTHER TO RESPOND TO THE ORDER OF JUNE 15, 1987, DIRECTING HIM TO SHOW CAUSE WHY A DECREE OF NONDISCHARGEABILITY SHOULD NOT BE ISSUED ON THE BASIS OF THE STATE COURT JUDGMENT

Formerly, on June 15, 1987, this court issued its order directing the defendant to show cause why the court should not issue a decree of nondischargeability on the basis of the state court record which exists to underlie a state court judgment of June 21, 1984. In response to that order, rather than make specific factual and legal assertions on the basis of that record as to the correctness of entering a decree of nondischargeability, or to assert that additional evidence might be appropriate or necessary (see *In re Mountjoy,* 368 F.Supp. 1087, 1096 (W.D.Mo.1973)), the defendant has simply asserted that the court, without a motion for summary judgment, has no authority to "enter judgment on its own motion."

In his own answer to the complaint, however, the defendant himself provided the procedural predicate on which the court may commence the procedures which it has commenced. The defendant, in that answer, imbedded a motion to dismiss for failure to state a claim. Thus, in the last numbered paragraph of the answer, it is explicitly stated

> "(t)hat Plaintiff's Complaint fails to state a claim upon which relief can be granted, and Defendant thereby moves for dismissal of Plaintiff's Complaint on that ground."

According to the applicable provisions of Rule 12(b), F.R.Civ.P., if such a motion is made, and "matters outside the pleading are presented to and not excluded by the

court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." See Bankruptcy Rule 7012(b). It is appropriate, on such a motion for summary judgment, to grant judgment for either party. See 6 Moore's Federal Practice para. 56.12, p. 56–331 (2d ed. 1987) ("If either the proponent of the claim or the defending party move for a summary judgment, and the court finds that the moving party is not entitled thereto, but that the other party is so entitled, it would seem that the court has the power to enter the proper judgment, although a cross-motion therefor was not made.") "We have sanctioned a sua sponte award by the court of summary judgment to a non-moving party where it appeared from the papers, affidavits and other proofs submitted by the parties that there were no disputed issues of material fact and that judgment for the non-moving party would be appropriate as a matter of law." *Lowenschuss v. Kane*, 520 F.2d 255, 261 (2d Cir.1975). Further, in seeing that the appropriate facts are developed on such a motion, the court is free to use the device of a show cause order or any device which grants the nonmoving party, as well as the moving party, appropriate notice and "sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context." *Portland Retail Druggists Association v. Kaiser Foundation Health Plan*, 662 F.2d 641, 645 (9th Cir.1981). That is what the court has appropriately attempted to do through the issuance of the show cause order. It is now up to the defendant to respond and demonstrate either that nondischargeability cannot be decreed on the basis of the state court judgment or that additional evidence is material and should be offered. Accordingly, it is hereby

ORDERED that the defendant further respond to the order of June 15, 1987, within 15 days of the date of filing of this order.