## CIRCUIT COURT OF CHESTERFIELD COUNTY

JGS Construction, Inc.

v.

Mechanicsville Concrete, Inc.

December 5, 1989

Case No. CL 293-88

By JUDGE JOHN F. DAFFRON, JR.

I have reviewed [the] letter memoranda and have decided that the defendant's demurrer should be sustained.

Plaintiff claims that the defendant, "instigated and procured mechanics' liens against [it] falsely, maliciously, and with an intent to injure [its] reputation." Defendant demurs on the ground of failure to allege a cause of action.

Reading the Motion for Judgment in the light most favorable to the plaintiff, this appears to be an action for malicious prosecution, which has been defined as "maliciously causing process to issue." *Glidewell v. Murray-Lacy*, 124 Va. 563 (1919). The sole question before this Court is whether sufficient facts have been pleaded to support this definition.

The plaintiff does plead that the defendant filed mechanic's liens against plaintiff's property (Motion for Judgment, para. 9). This satisfies the requirement of "causing process to issue." The analysis of the demurrer turns on whether this action was "malicious," that is "an intentional doing of a wrongful act without just cause or excuse." *National Homes Corp. v. Lester Indus., Inc.*, 336 F. Supp. 644 (W.D. Va. 1972).

The Motion for Judgment does not allege that the defendant did not have a legal basis for filing the liens. To the extent that it was legally permissible to file

the liens, that is, that the appropriate statute allowed the defendant to file, then it is hard to characterize this action as "wrongful." If the action is not wrongful, then it cannot be viewed as malicious. Accordingly, it would appear that the Motion for Judgment fails to state facts that allege that the defendant acted maliciously.

The Court, therefore, sustains the demurrer. The plaintiff will have twenty-one days to file an amended Motion for Judgment. If he elects not to do so, the Court will enter an order dismissing this case.