**Robert MOTLEY, Plaintiff,**

v.

**VIRGINIA HARDWARE AND MANU-FACTURING CO., Inc. and E. Lacy Bowen, Defendants.**

**Civ. A. No. 68-C-1-D.**

United States District Court
W. D. Virginia,
Danville Division.

May 28, 1968.

Charles E. Carter, and Mary H. Williams, Danville, Va., for plaintiff.

Frank O. Meade, Meade, Tate & Meade, Danville, Va., for defendants.

Memorandum Opinion on Motion
to Dismiss

DALTON, Chief Judge.

This diversity action grew out of the following facts.

In April of 1965 the plaintiff purchased a television set from the defendant, Virginia Hardware and Manufacturing Co., Inc. According to the "purchase agreement" between the parties, the plaintiff was not to remove the television set from his Garfield Street residence. The plaintiff subsequently moved to another residence, but the television set remained at the Garfield Street residence where plaintiff's wife continued to live.

On or about October 18, 1967 the plaintiff was arrested while working in Maryland on a charge that he did "feloniously remove, sell or otherwise dispose of mortgaged property, one * * * RCA television * * * in violation of Virginia State Code 18.1–116." The plaintiff alleges that as early as October 27, 1967, the defendants acquired knowl-

edge that the television was still at the Garfield Street residence but that the defendant failed to procure the plaintiff's release from his allegedly false arrest and imprisonment. On November 7, 1967 the Municipal Court of Danville dismissed these charges against the plaintiff.

The plaintiff filed a two count complaint against Virginia Hardware and its president, E. Lacy Bowen. With regard to the first count, plaintiff contends that it alleges all of the necessary elements of both the common law torts of malicious prosecution and false imprisonment. Defendant, however, contends that plaintiff has failed to state a claim for false imprisonment and therefore moves that Count I, in its entirety, be dismissed. With regard to the second count, the plaintiff relies upon 42 U.S.C. § 1983 (Civil Rights Act). The defendant moves to dismiss this count on the grounds that the plaintiff has failed to state a claim under that section.

The defendant's motion to dismiss presents three questions for decision:

(1) Does Count I of the complaint state a claim for malicious prosecution?

(2) If so, does Count I also state a claim for false imprisonment?

(3) Does Count II state a claim under 42 U.S.C. § 1983?

## Question I

■ In order to recover in an action for malicious prosecution the plaintiff must allege and prove that (1) the prosecution was instituted by the defendant maliciously and (2) without probable cause and (3) terminated in a manner not unfavorable to the plaintiff. Wiggs v. Farmer, 205 Va. 149, 135 S.E.2d 829 (1964).

■ A review of the complaint reveals that all of the necessary elements of malicious prosecution have in fact been alleged in Count I. The plaintiff has therefore stated a claim for malicious prosecution which he should be allowed to prove.

## Question II

The common laws tort of false imprisonment, sometimes called false arrest, has been described as follows:

"The gist of the action is the illegal detention of the person without *lawful process*, or the unlawful execution of lawful process." Kress and Company v. Roberts, 143 Va. 71, 129 S.E. 244 (1925) (emphasis supplied).

"[W]hen the facts stated in the affidavit are sufficient to authorize the issuance of a warrant of arrest * * * and the warrant issued thereon is *regular on its face*, the person procuring its issuance is not liable in an action for false imprisonment, even though the issuance of such warrant was erroneous because of facts not disclosed. The party so procuring the warrant would not be liable in an action for false imprisonment, even though the warrant was procured maliciously and without probable cause, though he would be liable in an action for malicious prosecution." American and English Encyclopedia of Law, pp. 680, 681 (emphasis supplied.)

■ Thus, in order to state a claim for false imprisonment, the plaintiff must allege and prove that the process pursuant to which he was arrested and imprisoned was not "lawful process" or, as it sometimes said, was not "regular and legal in form" or "regular on its face."

While the complaint alleges that plaintiff's arrest was made "without lawful warrant or * * * process," there is no basis in fact for this allegation. The arrest warrant in question reads as follows: "Whereas, Virginia Hardware Corporation—*Lacy Bowen, President*, has this day made complaint and information on oath before me * * *." (emphasis added). Plaintiff points to this language and, ignoring the italicized words, argues as follows: "It is elementary that a corporation cannot swear and therefore the warrant is on its face not regular or legal in form and could not have been lawfully issued by

proper authority." This argument is almost too specious for comment.

■ Of course a corporation, being an artificial entity, cannot itself swear out an arrest warrant. But a valid arrest warrant *can* be sworn out by a duly authorized agent of a corporation and this is what was done in the instant case.

■ If the words "Lacy Bowen, President" had been omitted from the face of the warrant, it might well have been technically deficient. These words are present, however, and may not be ignored. It therefore appears that the warrant in question is in all respects "regular and legal in form", and for this reason Count I of the complaint does not state a cause of action for false imprisonment.

## Question III

42 U.S.C. § 1983 (Civil Rights Act) grants a right of action against another for deprivation of due process of law by providing as follows:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage of any State* or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress. (emphasis supplied).

■ It should be noted that § 1983 *expressly* provides that the deprivation complained of must be one which is occasioned by one acting "under color of" state or local law. This language serves to limit the right of action created by § 1983 to situations where the things done have at least some attribute of state authorization for having been engaged in. Wallach v. Cannon, 357 F.2d 557, 561 (8th Cir. 1966). As stated by the court in Kregger v. Posner, 248 F.Supp. 804, 806 (E.D.Mich.1966): "It is not the

deprivation of rights by private individuals acting in their private capacity for which this section (1983) offers redress, but the deprivation of rights by persons acting 'under color of' state law." Thus an indispensable element of a plaintiff's case in an action brought under § 1983 is a showing that the defendant (or defendants) acted "under color of" state law. "This test can rarely be satisfied in the case of anyone other than a state official." Jobson v. Henne, 355 F.2d 129, 133 (2nd Cir. 1966).

■ The complaint in this case contains no averment that the defendants were state officials or were acting "under color of" state authority. (It is clear from the complaint that the defendants acted as private individuals in their private capacity rather than in any state judicial, legislative or executorial capacity.) Because such an allegation is essential to an action under § 1983, defendants' motion to dismiss Count II of the complaint will be granted.

■ Plaintiff seeks to avoid this result by contending that the limited scope given to § 1983 by the courts in decisions such as those cited above is an "undue restriction not contemplated by Congress," and that therefore this court need not feel constrained by the scope of such decisions. This contention is absurd for the simple reason that the state action limitation is imposed by the statute itself which, as pointed out above, *expressly* provides that the act complained of be committed by one acting "under color of" state or local law. This court, of course, is not free to disregard the plain language of the statute. Furthermore, without this language of limitation § 1983 would be unconstitutional. This is because § 1983 was passed as part of an act (17 Stat. 13,1871) to enforce the provisions of the Fourteenth Amendment, and it is well settled that the Fourteenth Amendment is aimed only at *state* action, not at *private* conduct however discriminatory or wrongful. Collins v. Hardyman, 341 U.S. 651, 659, 71 S.Ct. 937, 95 L.Ed. 1253 (1950).

## CONCLUSION

In Count I of the complaint the plaintiff has failed to state a claim for false imprisonment but has stated a claim for malicious prosecution. Accordingly, defendants' motion to dismiss Count I in its entirety for failure to state a claim upon which relief can be granted is hereby denied.

In Count II of the complaint plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983, and defendants' motion to dismiss that count is hereby granted.