# Richmond

## John W. Gaut v. Lewis C. Pyles.

June 14, 1971.

Record No. 7446.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*John K. Moore*, for plaintiff in error.

*Edwin Jay Rafal* (*Jack B. Stokes*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

This action was instituted by the plaintiff, Lewis C. Pyles, against the defendant, John W. Gaut, to recover compensatory and punitive damages resulting from an alleged malicious prosecution for trespass. A jury trial resulted in a verdict in favor of the plaintiff in the amount of $800 for compensatory damages and $3,650 for punitive damages. Judgment was entered on the verdict and defendant is here on a writ of error.

The controlling questions presented by defendant's assignments of error are whether the awards of compensatory damages and punitive damages are supported by the law and the evidence.

This case is before us on an agreed statement of facts which shows that by deed dated August 30, 1955, Stephen T. Forrest and wife conveyed to the defendant (1) a lot in a subdivision on Lake Smith in Virginia Beach, and (2) the grantors' undivided interest in a one-acre tract marked on a recorded plat as "Field Site." This latter lot is jointly owned by the defendant, Mrs. Evelyn Pyles, mother of the plaintiff, and William Jones. It was acquired in 1948 by their predecessors in title, one of whom was Mrs. Pyles' husband, to be used for the location of their respective septic tanks.

Subsequent to acquiring an interest in the septic tank lot, defendant, the Pyles, other owners of an interest in the land, and the plaintiff, with the permission of his parents, at various times cultivated designated areas of the lot. Plaintiff did not cultivate the lot from March 1963 to March 1967, during which time he was in the service, but in the spring of 1967 he "got the garden going again." Defendant denied that there were any gardens on the property prior to 1963 and said he had not seen the garden in the spring of 1967.

On December 8, 1967, plaintiff, with the permission of his mother and William Jones, the other owner of a one-third interest, entered upon the septic tank lot and began plowing the land with a tractor. Defendant told plaintiff to stop plowing and, upon plaintiff's refusal to comply, defendant called the police. When a uniformed police officer arrived defendant asked what he could do about plaintiff's trespassing on his property. The officer replied that the only thing defendant could do was to "swear out" a warrant charging plaintiff

with trespass. As a result of this conversation, defendant "swore out" a warrant. Upon hearing that a warrant had been issued for his arrest, plaintiff went to the police station, was fingerprinted, and released after giving bond.

When the trial on the warrant came to be heard in the municipal court, it was dismissed on Gaut's motion, upon advice of his counsel.

Plaintiff admitted that during the conversation between him and defendant there had been no violence, threats of violence, harsh words or any exchange other than that related above. There had been no previous animosity between the parties.

Prior to the incident of December 8 there were numerous discussions, some of them heated, between the defendant and plaintiff's father before his death in 1965 and thereafter with plaintiff's mother, relating to ownership of the septic tank lot. Defendant claimed ownership of the entire lot under his deed, and the Pyles asserted a one-third undivided interest through the deed to plaintiff's father. Defendant stated he did not know that he had only a one-third interest in the lot under his deed until he received a letter from an attorney after the issuance of the warrant for plaintiff's arrest.

In order for a plaintiff to recover damages in an action for malicious prosecution, the burden is on him to allege and prove that the prosecution was instituted by the defendant without probable cause; that the prosecution was malicious; and that it terminated in a manner not unfavorable to the plaintiff. *Wiggs* v. *Farmer*, 205 Va. 149, 152, 135 S.E.2d 829, 831 (1964); *Giant of Virginia* v. *Pigg*, 207 Va. 679, 683, 152 S.E.2d 271, 275 (1967).

The prosecution having terminated in a manner not unfavorable to the plaintiff, we direct our attention to whether the defendant had probable cause to prosecute the plaintiff for trespass, and whether the defendant was guilty of either legal malice or actual malice in causing plaintiff's arrest.

> "Probable cause is knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Va.R.&P. Co.* v. *Klaff*, 123 Va. 260, 266, 96 S.E. 244, 246 (1918); *Pigg, supra,* 207 Va. at 684, 152 S.E.2d at 275.

Defendant contends that probable cause did exist because he believed at the time the warrant was taken out that he owned the

entire interest in the septic tank lot. In *Pigg, supra,* we rejected a similar contention that the opinion or belief of the prosecutor is the test of probable cause. 207 Va. at 684, 152 S.E.2d at 276.

Defendant was on notice that the Pyles had over a period of years claimed a one-third interest in the lot and had cultivated a designated portion of it. Despite this knowledge defendant elected to rely on his own erroneous interpretation of his deed and to assert his ownership in the entire lot without seeking a legal opinion as to the extent of his interest. Consequently, there was sufficient evidence for the jury to find that defendant did not act as a reasonable man under the circumstances and that there was a want of probable cause for the issuance of the warrant and plaintiff's arrest.

The existence or nonexistence of malice is ordinarily a question for the jury to determine from all the circumstances of the case. *Freezer* v. *Miller,* 163 Va. 180, 208, 176 S.E. 159, 170 (1934); *Pigg, supra,* 207 Va. at 685, 152 S.E.2d at 276.

Legal malice may well be inferred from the want of probable cause; but want of probable cause will not be inferred from legal malice. The burden is on the plaintiff to establish both. *Pigg, supra,* 207 Va. at 685, 152 S.E.2d at 276; *Wiggs* v. *Farmer, supra,* 205 Va. at 152, 135 S.E.2d at 831.

Here defendant had notice of the contested status of his ownership. Failure to ascertain his interest in the lot before having the plaintiff charged with the criminal offense of trespass constituted an aggravated circumstance which supports the jury's finding that there was such a want of probable cause for the issuance of the warrant as to create an inference of legal malice. Thus we hold that the evidence was sufficient to support the award of compensatory damages.

The remaining question is whether the evidence warranted an award of punitive damages. Punitive or exemplary damages are allowable only when there is proof of actual or express malice. *Cook* v. *Patterson Drug Co.,* 185 Va. 516, 522, 39 S.E.2d 304, 307 (1946). Actual malice is established by a showing of ill will, malevolence, grudge, spite, wicked intention, or a conscious disregard of the rights of another. *Wood* v. *American National Bank,* 100 Va. 306, 316, 40 S.E. 931, 934 (1902); *Wright* v. *Everett,* 197 Va. 608, 615, 90 S.E.2d 855, 859 (1956). It cannot be inferred from a showing of want of probable cause. Nor can evil intent be presumed or inferred from a mere mistake. *Pigg, supra,* 207 Va. at 686, 152 S.E.2d at 277.

In the present case there was no proof of actual or express malice, and the award of punitive damages was not warranted under the

evidence. There had been no quarrel between the defendant and plaintiff prior to the arrest, nor were there any harsh words exchanged between the parties. Defendant was mistaken in his belief that he owned the entire interest in the septic tank lot, but actual malice cannot be presumed or inferred from this mistake or from the want of probable cause.

For the reasons stated, the judgment of $800 for compensatory damages is affirmed, but that part of the judgment allowing punitive damages of $3,650 is reversed and set aside.

*Affirmed in part
and reversed in part.*