**Patricia STRICKLER, Administratrix of the Estate of Frank R. Strickler, Deceased, and Patricia Strickler, an Individual, Appellee,**

v.

**NEFF TRAILER SALES, INC., a corporation, et al., Appellants.**

**No. 75–1603.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1975.

Decided July 21, 1976.

Certiorari Denied Dec. 13, 1976.

See 97 S.Ct. 642.

---

**5.** Susan Lee has entered no appearance in this appeal. No judgment in this case has been entered against her.

Lewis F. Jolly, Harrisonburg, Va. (Clark, Bradshaw, Jolly & Smith, Harrisonburg, Va., on brief), for appellants.

James Paul Geary, Petersburg, W. Va. (Dennis V. DiBenedetto, Geary & Geary, Petersburg, W. Va., on brief), for appellees.

Before RUSSELL and WIDENER, Circuit Judges, and THOMSEN, District Judge.*

PER CURIAM.

Neff Trailer Sales, Inc. (Neff), appeals from a jury verdict awarding Patricia Strickler, individually and as administratrix of the Estate of Frank R. Strickler (her husband), $11,415.16 in compensatory damages and $15,000.00 in punitive damages. Virginia law was applied in this diversity action. We affirm.

Mr. and Mrs. Strickler purchased a 1971 Parkway House Trailer from Neff in Harrisonburg, Virginia, on August 21, 1971. At that time, the Stricklers made a down payment and signed several documents, including the retail sales agreement, in blank. Mrs. Strickler urged at trial that these documents were signed in blank in reliance upon the representations made by Neff's salesman that the documents would be filled out and completed according to the parties' agreement.

When Strickler died in 1973, Mrs. Strickler learned that, contrary to her alleged

* United States District Court for the District of Maryland. Sitting by designation.

understanding at the time they bought the house trailer, they had not received credit life insurance on Mr. Strickler's life. The amount sued for in connection with this claim was $10,820.26, the balance owing at the time of Mr. Strickler's death.

Mrs. Strickler also claimed that they were charged $214.00 for the recording costs of a deed of trust which costs in fact amounted to $1.25. In addition, Mrs. Strickler testified that she repeatedly and adamantly requested that her real estate not be encumbered, and that the salesman assured her that the sales transaction could be completed without a deed of trust. Neff denied that it represented that a deed of trust would be unnecessary, and claimed that the amount of $214.00 was not for recording costs but for interim interest from the time of purchase until regular payments were to begin.

Additionally Mrs. Strickler sued for $381.00, which amount she understood would be credited to them for the house trailer's undercarriage. As the titling tax was in an equal amount, the credit for the undercarriage would offset the amount to be charged for titling tax, according to Mrs. Strickler's testimony. Neff claimed that $381.00 is the correct amount of tax to be charged, 3% tax to be paid to the State of West Virginia. Neff further claimed that there could be no offsetting credit for the undercarriage because the undercarriage remained the property of the house trailer manufacturer and was returned to it. The $381.00 was not paid to the State until after this suit was commenced.

■ Although the evidence as to the underlying facts relating to each of these three compensatory claims was in conflict and disarray, the jury resolved the conflicts in the plaintiff's favor. The testimony and documentary evidence offered by the plaintiff, if believed, support the verdict.

■ The trial court also submitted to the jury the issue of punitive damages. This the defendant assigns as error. In Virginia, punitive damages are allowable only when there is proof of actual or express malice, which can be shown by, among other things, "a conscious disregard of the rights of another." *Gaut v. Pyles,* 212 Va. 39, 42, 181 S.E.2d 645, 647 (1971). We are of opinion that the evidence presented by the plaintiff was sufficient to support a finding of a conscious disregard by Neff of the rights of the Stricklers and supports the jury's award of punitive damages. As such, the question is one for the jury as trier of fact, not for the reviewing court.

■ Neff also assigns as error the trial court's instruction to the jury that it must find for the plaintiff on all three compensatory claims before it could award punitive damages. Neff argues that such condition may have caused the jury to find for the plaintiff on one or more of the compensatory claims in order to award punitive damages when it might not otherwise have so found.

The trial court instructed the jury as follows:

"In addition to actual damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the wrongdoer for some extra-ordinary misconduct and to serve as an example and warning to others not to engage in such conduct. If the jury should find, from a preponderance of the evidence in the case that the plaintiff is entitled to a verdict for compensatory damages on the three claims we have earlier discussed here, and should further find that the act or omission of the defendant which proximately caused actual injury or damage to the plaintiffs was fraudulently and wilfully done, then the jury may, in the exercise of its discretion, if you unanimously choose to do so, add to the award of compensatory damages such an amount as the jury should unanimously agree to be proper as punitive damages.

"Now, punitive damages must be reasonably proportionate to such sum of compensatory damages as are awarded.

"A statement or a claim or a document or an omission is fraudulent if it is falsely made or omitted or done or caused to be

made with an intent to deceive. To act fraudulently means to act wilfully and with a specific intent to deceive or to cheat, ordinarily for the purpose of either causing a financial loss to another person or to bring about some financial gain to one's self.

"An act is done wilfully if it is done voluntarily and intentionally to do something that either the law forbids or to act or to make an omission with a bad purpose.

"Now, a corporation can, of course, only act by or through its officers and agents. Now, whether or not to make any award of punitive damages in addition to compensatory damages, this is a matter exclusively within the province of the jury. If the jury should unanimously find from a preponderance of the evidence in this case that the defendant's acts or omissions [which] would proximately cause the actual damages to the plaintiff in these three claims was done with wilfulness and was done fraudulently, then the jury should always bear in mind that such extra-ordinary damages may be allowed only if you should unanimously find an award for the plaintiff, a verdict of compensatory damages in the three areas that we have discussed.

"You should also bear in mind not only the conditions under which and the purposes for which the law permits an award of punitive damages to be made, but also, the requirement of the law that the amount of the extra-ordinary or punitive damages when awarded, must be fixed with calm discretion and sound judgment and as indicated, must be proportionate to the amount of compensatory damages awarded. And punitive damages must never be awarded or fixed in an amount, in any amount, because of sympathy or bias or prejudice with respect to any party in the case."

We are of opinion that this instruction requiring a finding for the plaintiff on all three compensatory claims as a condition to awarding punitive damages, coupled as it was with the instruction on fraud, could not

have harmed (and might have helped) Neff's position before the jury. We perceive no error.

The judgment of the district court is accordingly

AFFIRMED.