In re David MAXWELL and Sandra
Maxwell, Debtors.

Nathan GOLDSTEIN and Bonnie
Goldstein, Plaintiffs,

v.

David MAXWELL and Sandra
Maxwell, Defendants.

Bankruptcy No. IP 82–0119B.
Adv. No. 82–0669.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Feb. 17, 1983.

Mariellen Katzman, Goldstein, Glanzman, Brown, Katzman & Frosch, Indianapolis, Ind., for plaintiffs.

Michael T. Conway, Indianapolis, Ind., for defendants.

### ENTRY ON MOTION FOR SUMMARY JUDGMENT

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on a Motion for Summary Judgment filed by plaintiffs, Nathan Goldstein and Bonnie Goldstein. Attached thereto is a Memorandum in support of said motion. In response to plaintiffs' motion debtor/defendants, David Maxwell and Sandra Maxwell, have filed a Motion in Opposition with accompanying affidavit and memorandum in support. A hearing was held in this matter on December 7, 1982.

Having considered the parties' motions, memoranda and arguments of counsel, and being duly advised in the premises, the Court now makes its

### Findings of Fact

1. On or about February 21, 1979, plaintiffs filed their Complaint against the debtor/defendants herein, in the Marion County Municipal Court, Cause No. M779–0376.

2. Thereafter, on or about September 18, 1979, plaintiffs filed their Amended Complaint against the debtor/defendants in the Marion County Municipal Court, Cause

No. M779–0376, which Amended Complaint consisted of two counts.

3. Count I of said Amended Complaint was based upon a breach of contract or duty by a fiduciary, and Count II was based upon fraud, misrepresentation and wrongful conversion.

4. Plaintiffs filed their Motion for Summary Judgment in the above-said cause, and on or about December 11, 1981, an evidentiary hearing was held on said Motion for Summary Judgment.

5. On or about December 21, 1981, the Marion County Municipal Court in the above-said cause entered Summary Judgment in favor of plaintiffs and against the debtor/defendants, and awarded plaintiffs the principal amount of their damages ($4,928.91), and in addition, awarded punitive damages ($3,000.00) and attorney fees ($2,000.00).

6. A Petition for Bankruptcy was filed by the debtor/defendants on March 24, 1982.

7. In said Petition for Bankruptcy the debtor/defendants listed plaintiffs as creditors.

8. Plaintiffs filed a Complaint to Determine Dischargeability of a Particular Debt on or about May 20, 1982.

9. Plaintiffs alleged nondischargeability pursuant to 11 U.S.C. § 523(a)(2), § 523(a)(4) and § 523(a)(6).

Based upon the foregoing the Court makes its

*Conclusions of Law*

1. There exists no genuine issue as to any material fact.

2. Plaintiffs are entitled to judgment as a matter of law.

3. In the instant matter this Court is faced with a state court judgment entered against the debtors herein prior to the filing of their Petition in Bankruptcy. The issue before the Court, therefore, is whether that state court judgment would have any application or effect in this dischargeability proceeding.

If the judgment rendered in the Marion County Municipal Court was based upon actions listed in 11 U.S.C. § 523(a)(2), (a)(4) or (a)(6), and the "standards employed by ... [that court] in reaching its decision ... comport[ed] with federal standards," *MA & M Incorporated v. Supple (In re Supple)*, 14 B.R. 898, 8 B.C.D. 544 (Bankr.D.Conn. 1981), the doctrine of collateral estoppel would "bar relitigation of those issues in the bankruptcy court." *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981). "Collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Spilman*, 656 F.2d at 224.

■ In a dischargeability proceeding, collateral estoppel will apply to a state court judgment if:

(1) The issue sought to be precluded ... [was] the same as that involved in the prior action;

(2) the issue ... [was] actually litigated;

(3) it ... [was] determined by a valid and final judgment; and

(4) the determination ... [was] essential to the final judgment.

*Supple*, 14 B.R. 898, 8 B.C.D. at 544.

■ Submitted to this Court for consideration were, *inter alia*, the Amended Complaint and Entry for Summary Judgment relating to the Marion County action. The Marion County Court ruled that plaintiffs were entitled to the relief requested in their complaint—Count I of which was based upon breach of contract by a fiduciary, and Count II of which was based upon fraud [11 U.S.C. § 523(a)(2) and (a)(4) ], and willful and malicious injury [11 U.S.C. § 523(a)(6) ].

■ As noted earlier, plaintiffs were awarded punitive damages and attorney fees in addition to compensatory damages. Indiana law allows punitive damages " 'whenever the elements of fraud, malice, gross negligence or oppression mingle in the controversy.' " *Gorman v. Saf-T-Mate, Inc.*, 513 F.Supp. 1028, 1037 (N.D. Ind.1981), or "where the defendant is ... guilty of ... willful and wanton misconduct." *Baker v. American States Insur-*

*ance Co.*, Ind.App., 428 N.E.2d 1342, 1351 (1981).

Attorney fees were awarded by the state court pursuant to Ind.Code Ann. § 34–4–30–1 (Burns Supp.1982) which allows attorney fees in a civil action for a pecuniary loss suffered as a result of criminal conversion. *See* Ind.Code Ann. § 35–43–4–3 (Burns 1979).

Given the limited circumstances which would give rise to punitive damages and attorney fees under Indiana law and the fact that the Marion County Court did award same to plaintiffs, it is clear that the state court made the determination that the debtor/defendants' actions amounted to fraud and willful and malicious injury to property. The issue before this Court is whether the debtor/defendants were guilty of fraud and/or willful and malicious injury to property. Since the state court has already addressed that issue, collateral estoppel bars relitigation of same in the bankruptcy court.

■ Punitive damages awarded pursuant to state law for actions which would render a debt nondischargeable, *see* 11 U.S.C.A. § 523(a)(2), (4) and (6) (West 1979), are nondischargeable in bankruptcy. *See Dutton v. Schwartz,* 21 B.R. 1014 (D.Mt.1982); and *Lillian Galloway School of Modeling v. Carey (In re Carey),* 7 B.C.D. 6 (Bankr. S.D.Oh.1980). The same is true for attorney fees. *See Dutton, supra;* and *Shelby v. Creekmore (In re Creekmore),* 20 B.R. 164 (Bankr.W.D.Ok.1982).

Accordingly, the entire state court judgment obtained by plaintiffs is nondischargeable.

It is, therefore, ORDERED, ADJUDGED AND DECREED that the judgment rendered in the Marion County Municipal Court in favor of plaintiffs, Nathan Goldstein and Bonnie Goldstein, and against the debtor/defendants, David Maxwell and Sandra Maxwell, in the amount of $4,928.91 (damages), $3,000.00 (punitive damages) and $2,000.00 (attorney fees) is hereby declared NONDISCHARGEABLE.