In re James H. PERRIN and Linda A.
Perrin, Debtors.

**NEW YORK STATE DEPARTMENT
OF SOCIAL SERVICES, Plaintiff,**

v.

**James H. PERRIN, Defendant.**

**Bankruptcy No. 84–05512.
Adv. No. 85–7017.**

United States Bankruptcy Court,
D. Dakota.

May 2, 1985.

Janet Holter Zander, Williston, N.D., for
plaintiff.

John Macmaster, Williston, N.D., for de-
fendant.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the Court is a Motion for Summa-
ry Judgment filed by the Defendant/Debt-
or on April 22, 1985. The Plaintiff, by its

Complaint, seeks to have an indebtedness arising by reason of alleged false billings under the New York State Medical Assistance Program declared non-dischargeable under section 523 of the Bankruptcy Code. By the instant Motion, the Debtor asserts that the issue is res judicata by reason of a confession of judgment entered pursuant to stipulation in a New York state court in December 1983. It is asserted that the stipulation giving rise to the confession of judgment did not address the element of fraud and that the issue cannot again be raised in bankruptcy court. The Debtor additionally argues that the Complaint was not timely commenced. The Plaintiff resists the Motion.

### 1.

The Stipulation In Settlement entered into between the parties and which resulted in the confession of judgment provides that the overpayment of $22,000.00 resulted from the Debtor's failure to maintain adequate records and that the Plaintiff alleges no guilt or wrongdoing by the Debtor in connection with the facts or circumstances giving rise to the overpayments at issue. The Debtor, in said stipulation, further states that his inadequate record keeping was based upon an unintentional misreading of the Department's regulations and that in full satisfaction of all issues and claims the Debtor agrees to repay the sum of $22,000.00 to the Plaintiff, offset by certain monies owing him by the Plaintiff. Judgment by confession was entered against the Debtor in the sum of $8,795.50. By the instant adversary complaint, the sum sought to be declared non-dischargeable is $22,000.00.

■ Prior state court judgments have no res judicata effect in determining whether a debt is dischargeable in bankruptcy. Collateral estoppel, however, may apply in situations where a state court has decided factual issues identical to those which would pertain to the issue of dischargeability, and the state court in reaching its decision has relied upon the same standards that would be required in bankruptcy court. In order for collateral estoppel to apply, the factual basis for the state court's findings must be clear from the state court records, and the standards used in the state court proceedings must clearly be the same as those required by the Bankruptcy Code. In the instant case, we are not presented with a state court judicial determination of facts bearing on dischargeability. There is a judgment existing entered on the strength of a confession of judgment whereby James H. Perrin entered into a stipulation in settlement of a pending civil action. A prior acknowledgement contained in a stipulation of settlement or in a confession of judgment are accorded no independent evidentiary weight by bankruptcy courts in determining non-dischargeability. Such statements may be considered admissions, however, and may be used at trial for impeachment purposes by either party.

■ The purpose of the Bankruptcy Code is to accord a debtor a fresh start. In view of this stated purpose, all debts are presumed dischargeable unless the party seeking non-dischargeability is able to overcome that presumption by establishing each element of a section 523(a) exclusion by a fair preponderance of the evidence. All issues raised in the Plaintiff's adversary complaint are unresolved at this juncture.

### 2.

■ The Complaint to determine dischargeability was dated January 24, 1985, and was filed with the Bankruptcy Court on January 29, 1985. A Summons was issued on February 15, 1985. The Clerk's notice issued on November 1, 1984, provides that January 25, 1985, which is sixty days after the date set for meeting of creditors, has been fixed as the last day to file a complaint to determine dischargeability of a debt under section 523. The notice further provides that if no complaint to determine dischargeability of a debt under section 523(a)(2), (4) or (6) is timely filed, the debt may be discharged. The Plaintiff argues that pursuant to Rule 9006(e) of the Rules of Bankruptcy Procedure, its Com-

plaint was timely filed in that it was mailed in Williston, North Dakota, on January 24, 1985, in an envelope addressed to the Clerk of the U.S. Bankruptcy Court. January 24, 1985, was a Thursday, and the Complaint was not filed until the following Tuesday, January 29, 1985. Rule 7003 of the Rules of Bankruptcy Procedure provides that an adversary action is *commenced* by filing a complaint with the Court. Hence, it is not the mailing of the complaint which evidences commencement of an adversary proceeding but rather the actual filing of the complaint with the Clerk's office.

■ Rule 4007(c) of the Rules of Bankruptcy Procedure provides that "a complaint to determine the dischargeability of any debt pursuant to section 523(c) shall be filed not later than sixty days following the first date set for the meeting of creditors ...". This rule clearly fixes the time within which dischargeability actions can be brought under section 523(c). The time prescribed is absolute unless the court, for cause, extends the period on motion made prior to expiration of the sixty-day period. That this time limitation is absolute is further evidenced by Rule 9006(b)(3) which provides that the court may enlarge the time for taking action only to the extent and under conditions as stated in the rules.

■ In the case at bar, the Complaint was not timely filed within the time prescribed nor did the Plaintiff seek an extension of time. Rule 4007(c) leaves the Court with no discretion in this instance to enlarge the filing period. That period expired on January 25, 1985, and the failure of the Plaintiff to commence its action within the time limit mandated by the rules is fatal. The Debtor is entitled to a dismissal on this basis.

Accordingly, IT IS ORDERED that the Complaint of New York State Department of Social Services be DISMISSED due to the failure of the Plaintiff to commence its action within the time limits prescribed by Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.