**In re SHEPHERD,**

**Evelyn YORK, Appellant,**

v.

**Harry Andrew SHEPHERD and Cynthia D. Kinser, Trustee, Appellees.**

Civ. A. No. 83–0195–B.
Bankruptcy No. 7–82–01655.
Adv. No. 7–82–0124.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Dec. 17, 1985.

Mark M. Lawson, Bristol, Va., for appellant.

James E. Nunley, Trustee, Bristol, Va., for appellees.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is before the court a second time on appeal from the United States Bankruptcy Court for the Western District of Virginia. The bankruptcy court for the second time has held that a judgment ob-

tained by Evelyn York against the bankrupt Harry Andrew Shepherd in the Circuit Court of Wise County, Virginia is a dischargeable debt under Section 523(a)(6) of the Code.[1] Mrs. York's debt arose from a judgment for the intentional torts of assault and battery, false imprisonment and malicious prosecution and the judgment was granted by the court as a result of a jury verdict awarding compensatory damages of $4,000 and punitive damages of $1,500. Final judgment by the Circuit Court of Wise County, Virginia also included legal interest from August 30, 1977, and costs. Plaintiff alleged in this proceeding that her complaint was for $8,941.30 and defendant contended that she had not credited $2,000 paid by his insurance company.

■ To fully understand the issue before the court it is necessary to briefly review the previous proceedings in this case. When initially heard by Judge Pearson of the bankruptcy court, the court refused to enter into evidence the state court proceedings in the belief that the doctrines of *res judicata* and collateral estoppel did not apply on a question of dischargeability. Without reviewing the state court record, Judge Pearson conducted a de novo trial and found from the evidence before him that the judgment creditor failed to prove wilful or malicious conduct on the part of the debtor. Therefore, the judgment debt was found to be dischargeable. On appeal to this court, it was held that *res judicata* and collateral estoppel do apply in dischargeability cases and the case was remanded to the bankruptcy court with directions to review the state court record and specifically determine this issue. It has been persistently held that default judgment in a non-bankruptcy proceeding is not binding in any way on bankruptcy courts in dischargeability hearings, however, when a claim has been fully litigated before a non-bankruptcy court, estoppel may prevent later action by the bankruptcy

---

1. 11 U.S.C. § 523(a) provides in pertinent part:
   A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt. . . .

* * * * * *

(6) For willful and malicious injury by the debtor to another entity or to the property of another entity; . . . .

court on the issue of dischargeability and the bankruptcy court must review all the necessary records in the state court proceeding to determine the elements essential to a finding of non-dischargeability. *In Re Webster,* 1 B.R. 61 (E.D.Va.1979); *National Homes Corporation v. Lester Industries,* 336 F.Supp. 644 (W.D.Va.1972); *McMillan, et al v. Freedom Finance Co., Inc.,* 579 F.2d 289 (3rd Cir.1978), 3 Cowan's Bankruptcy Law and Practice, ¶ 443 West Pub. Co. 1972. Thus, if the state court judgment is found to be based on wilful and malicious conduct neither the compensatory nor the punitive damages are dischargeable. *In Re Webster, supra; Coen v. Zick,* 458 F.2d 326 (9th Cir.1972).

Thus, this court reversed the bankruptcy court and, not having the state court record before it, remanded this case to the bankruptcy court with instructions to review the state court proceedings forming the basis of Mrs. York's judgment, and thereby determine whether it was bound by the state court's judgment on the grounds of *res judicata* or collateral estoppel. This court specifically directed the bankruptcy court to use the four-prong test of *In Re Ross,* 602 F.2d 604, 608 (3rd Cir.1979) as follows:

> ... (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.

*See also, In Re McMillan,* 579 F.2d 289 (3rd Cir.1978); *In Re Merrill,* 594 F.2d 1064, 1067; *In Re Rice,* 18 B.R. 562, 564 (Bankr. N.D.Ala.1982); *In Re Webster, supra; In re Cooney,* 8 B.R. at 97, 98.

This court also quoted from *National Homes Corp v. Lester Industries, Inc.,* 336 F.Supp. 644 (W.D.Va.1972) in part, as follows:

> In the opinion of this court, issues which have been necessarily litigated in the court which entered the judgment are *res judicata* and may not be re-tried by the court considering the dischargeability of the judgment. *It is further the opinion of this court that the whole record of the court entering the judgment should be considered.*

> For example, if the trial judge had specifically found that as a matter of fact and as a matter of law that the acts complained of were "willful and malicious injuries" to person or property and had entered judgment accordingly, this court would be without power to reconsider the same. On the other hand, if such court had not made such a conclusion ... this court may examine such parts of the record of the court entering the judgment as may be necessary to determine whether or not the acts complained of, for which judgment was entered, constitute willful and malicious injuries within the meaning of the statute. *Id.* at 648. (Emphasis added.).

On remand to the bankruptcy court, the case was assigned to another judge, who proceeded to review the proceedings in the Circuit Court of Wise County, Virginia, including the motion for judgment, answer, evidence, instructions of the court, verdict and judgment. The bankruptcy court then applied the four-prong test of *In Re Ross* and was of the opinion that a different standard of proof was used in the state court proceeding than that required in the dischargeability hearing in bankruptcy court, therefore, *res judicata* and equitable estoppel do not apply in this case. Therefore, the bankruptcy court held the judgment debt was dischargeable.

## OPINION OF THE COURT

The specific holding of the bankruptcy court is that there was a lack of identical issues as required by the first prong of the *Ross* test. The second and third prongs of *Ross* were so obviously met that no discussion is required. There was "actual litigation" between the parties, tried by jury and there was a "valid and final judgment." As to the fourth prong of *Ross,* the bankruptcy court made the following legal conclusion:

It appears from the jury instructions given that the jury would have had to make a finding of willful and malicious conduct in order to award punitive damages as it did on any of the intentional torts alleged.

(*See* Memorandum Opinion of the bankruptcy court dated April 17, 1985.).

In Virginia, conduct which is in conscious disregard of the rights of others and is wanton and oppressive may be the equivalent of actual malice. *National Carloading Corporation v. Astro Van Lines, Inc.,* 593 F.2d 559 (4th Cir.1979). This issue of malice is one for the jury, not the reviewing court. *Strickler v. Neff Trailer Sales, Inc.,* 542 F.2d 890 (4th Cir.1976). The standard for malice in Virginia is congruent with that used in the bankruptcy code. *Bennett v. W.T. Grant Co.,* 481 F.2d 664 (4th Cir.1973).

■ This court is of the opinion that the bankruptcy court erred as a matter of law in finding the first prong of *Ross* was not met by the plaintiff. The bankruptcy court held that a plaintiff in a dischargeability proceeding has a burden of proof of "clear and convincing" whereas the state court instructions placed a burden on Mrs. York of "preponderance of the evidence" citing *McGovern v. Capparelli,* 33 B.R. 360, 366 (Bankr.S.D.N.Y.1983). Two factors are noteworthy about *McGovern:* first, it involved a case in which a default judgment had been granted in a non-bankruptcy proceeding; secondly, the bankruptcy court of the Southern District of New York appears to be almost alone in applying a "clear and convincing" standard in dischargeability cases. *See also In Re Ianelli,* 12 B.R. 561 (Bankr.S.D.N.Y.1981); *In the Matter of Lawrence,* 1 B.R. 402 (Bankr.S.D.N.Y. 1979).

This court is bound, under the doctrine of *stare decisis,* by prior decisions in the Western District of Virginia, particularly when this authority has been widely cited with approval throughout the United States. The issue before the court was clearly decided by this court in *Sweet v.* *Ritter Finance Company,* 263 F.Supp. 540 (W.D.Va.1967), where the court held:

Not only does Ritter Finance have the burden of proof, but it is also faced with the rule that all exceptions set forth in § 17(a)(2) are to be strictly construed. *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). Ritter Finance must prove actual fraud before it can show Sweet's debt to be nondischargeable under § 17(a)(2). In other words, Ritter Finance must show by *a preponderance of the evidence* that (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. (emphasis added.).

*Sweet,* at 543.

It is noteworthy that in Virginia, a clear and convincing standard is required to prove fraud, *Martin v. Williams,* 194 Va. 437, 73 S.E.2d 355 (1952), yet "preponderance of the evidence" is the standard in dischargeability of a fraud claim. *Sweet, Id.* Furthermore "preponderance" is the issue on dischargeability in cases involving wilful or malicious conduct. *In Re Thomas,* 36 B.R. 851 (Bankr.W.D.Ky.1984); *In Re Baiata,* 12 B.R. 813 (Bankr.E.D.N.Y. 1981); *In the Matter of Vincent,* 75 B.R. 1930 (E.D.N.Y.1976); *In Re Stephens,* 26 B.R. 389 (Bankr.W.D.Ky.1983); *In Re Boren,* 47 B.R. 293 (Bankr.W.D.Ky.1985). *See also* that the Southern District of New York is divided on this question. *In Re Weiler,* 1 B.C.D. 1521 (S.D.N.Y.1975).

The court is of the opinion for the foregoing reasons that the state court judgment is nondischargeable under 11 U.S.C. § 523(a)(6). An Order will be entered reversing the bankruptcy court and entering final judgment for the plaintiff.