In re John M. PEONI, Debtor.

Jay MOREHEAD, Plaintiff,

v.

John Michael PEONI, Defendant.

Bankruptcy No. IP86–0063 S.
Adv. No. 86–0176.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Nov. 6, 1986.

Chris Steel, Indianapolis, Ind., for plaintiff.

Gregory Silver, Indianapolis, Ind., for defendant-debtor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER ON MOTION FOR SUMMARY JUDGMENT

NICHOLAS W. SUFANA, Bankruptcy Judge.

Jay Morehead ("Morehead") filed his Complaint for Determination of Dischargeability of Debt against John M. Peoni ("Peoni") on March 14, 1986. Peoni answered on April 21, 1986. Morehead moved for summary judgment on July 9, 1986.

That motion for summary judgment came before this Court for hearing on September 3, 1986. Morehead appeared by counsel Chris Steel. Peoni appeared by counsel Greg Silver. Both parties have filed affidavits and memoranda. And the Court, having reviewed the evidence and being duly advised, now makes the following findings of fact:

### Findings of Fact

1. On November 12, 1977, Morehead and Peoni scuffled in an apartment at 114½ East Morris Street, Indianapolis, Indiana, in a building owned by Peoni's parents. Morehead suffered various injuries as a result of the altercation.

2. Morehead filed a complaint against Peoni and his parents in Marion County Circuit Court, Cause No. C78–0043. In that complaint, Morehead alleged that Peoni committed an assault and battery in the November 12, 1977, incident. Morehead specifically alleged in the complaint that Peoni acted "willfully and wantonly," and requested punitive damages.

3. The complaint was eventually presented to a jury on September 5, 1984. The Marion Circuit Court read to the jury Morehead's tendered instructions numbered 1, 2, 3, 6, and 7, and Peoni's tendered instructions 5 and 6. All of those instructions are before this Court on the motion for summary judgment. However, the Marion Circuit Court also read to the jury its final instructions numbered 1, 2, 3, 4, and 5. None of those instructions has been submitted to this Court.

4. Morehead's tendered instruction number 2 stated in part that Peoni's actions were done "willfully and wantonly," and that he was seeking punitive damages in addition to compensatory damages. Morehead's tendered instruction number 7 informed the jury that if they found that Morehead "is entitled to recover, then in addition to the actual damages to which you find [Morehead] entitled, you may award an additional amount as punitive damages in such sum as you believe will serve to punish [Peoni] and to deter others from like conduct."

5. The jury's verdict read in its entirety as follows:

We, the Jury, find for the Plaintiff, Jay Morehead, and against the Defendant, John Michael Peoni, and fix the amount of compensatory damages at Three Thousand Three Hundred and Fifty-Three Dollars and Seventy-Three Cents ($3,353.73), and the amount of punitive damages at Six Thousand Seven Hundred and Fifty Dollars ($6,750.00).

6. Peoni has not paid any part of the judgment, and filed his bankruptcy case on January 6, 1986.

Whereupon, the Court now enters the following conclusions of law:

## Conclusions of Law

1. This Court has jurisdiction over the parties to this proceeding. This Court has jurisdiction over this case under 28 U.S.C. § 1334, 28 U.S.C. § 157, and the General Order of Referral from the United States District Court for the Southern District of Indiana dated July 11, 1984. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Morehead seeks a determination that the award of the Marion County Circuit Court is nondischargeable under 11 U.S.C. § 523(a)(6), which precludes the discharge of any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity."

3. Morehead has moved for summary judgment on the grounds that the judgment of the Marion County Circuit Court is a determination that the injury to Morehead by Peoni was "willful and malicious," and that the doctrine of collateral estoppel requires judgment in favor of Morehead on the issue of nondischargeability.

4. A bankruptcy court must apply the doctrine of collateral estoppel carefully to protect its exclusive jurisdiction to determine dischargeability. *Schwartz v. Renville Farmers Co-operative Credit Union*, 44 B.R. 266 (D.Minn.1984). "If the plaintiff obtained judgment fairly, the defendant was afforded due process at all times, and the complaint and judgment unambiguously provide findings leading the bankruptcy court to conclude that the judgment debt is necessarily nondischargeable, the bankruptcy court may hold on the basis of the state court proceedings that the debt is nondischargeable." *In re: Levinson*, 58 B.R. 831 (Bankr.N.D.Ill.1986).

5. The Court will infer from the instructions to the jury and the verdict that the jury concluded Peoni's actions were "willful and wanton." Despite Peoni's contentions to the contrary, "willful and wanton" under Indiana law is the same as "willful and malicious" under Section 523(a)(6). *In re: Maxwell*, 51 B.R. 244 (Bankr.S.D.Ind.1983). However, the Court does not have before it any evidence showing that the jury was instructed to apply the same standard of proof in determining that Peoni committed a willful and wanton injury under state law as is used in determining nondischargeability actions under federal law. *In re: Perrin*, 55 B.R. 401 (Bankr.D.N.D.1985).

6. Bankruptcy courts have split over the burden of proof placed upon a plaintiff seeking a determination of nondischargeability under Section 523(a)(6). Morehead argues that he only needs the preponderance of the evidence to prevail. *In re: Shepherd*, 56 B.R. 218 (W.D.Va.1985). Since that is the standard apparently used in the state court proceeding, Morehead contends that the state court judgment was based upon the same standard of proof as required in an action under Section 523(a)(6).

7. However, this Court believes that an action under Section 523(a)(6) is no different from any other action under Section 523(a), and that Morehead must present clear and convincing evidence of a willful and malicious injury by Peoni. *Matter of Wintrow*, 57 B.R. 695 (Bankr.S.D. Ohio 1986); *In re: Egan*, 52 B.R. 501 (Bankr.D.Minn.1985); *In re: Kaufmann*, 57 B.R. 644 (Bankr.E.D.Wis.1986). The suggestion in the *Shepherd* case that only a portion of the Southern District of New York requires clear and convincing evidence in cases under Section 523(a)(6) is incorrect.

8. Here, it is not clear what standard of proof the jury was instructed to use in awarding compensatory damages. If the state court instructed the jury that they were to find for Morehead if he had established his claim by the fair preponderance of the evidence, then that jury verdict would not be dispositive of the nondischargeability issue. *In re: D'Annolfo*, 54 B.R. 887 (Bankr.D.Mass.1985).

9. Under the proper circumstances, this Court might be able to infer that the jury

found for Morehead on the basis of clear and convincing evidence. In Indiana, a plaintiff may only be awarded punitive damages if that plaintiff has prevailed by clear and convincing evidence. *Travelers Indemnity Co. v. Armstrong*, 442 N.E.2d 349 (Ind.1982). The state court jury here awarded punitive damages, and if the jury was properly instructed on the award of punitive damages, then this Court could infer that the jury found on the basis of clear and convincing evidence that Peoni had committed a willful and malicious injury. This Court could then give collateral estoppel effect to the state court judgment.

10. However, the Court has before it the instruction on the award of punitive damages, and that instruction does not require clear and convincing evidence. Peoni has asserted that the jury was allowed to award punitive damages based on a preponderance of the evidence, but this Court simply cannot tell since it has not been provided with all of the instructions read to the jury.

11. *In re: Maxwell*, 51 B.R. 244 (Bankr. S.D.Ind.1983), decided by Judge Bayt, is distinguishable. There, the state court judge awarded compensatory and punitive damages after the plaintiff's motion for summary judgment. Judge Bayt could properly assume that the state court judge used the "clear and convincing" standard required by Indiana law in awarding punitive damages, and since the punitive damages were properly awarded could infer that the plaintiff had shown by clear and convincing evidence that the defendants' actions were willful and malicious. This Court cannot assume that the jury in Morehead's state court action against Peoni knew that it could only award punitive damages on the basis of clear and convincing evidence, and therefore this Court cannot infer from the award of punitive damages that Morehead met the standard of proof required by Section 523(a)(6) in the state court proceeding.

12. This Court does not subscribe to Peoni's belief that Morehead had to produce the entire state court record in order to succeed on his motion for summary judgment. However, the evidence before the Court does not establish that Morehead is entitled to judgment on his complaint under Section 523(a)(6) as a matter of law. Therefore, the motion for summary judgment must be denied.

### Order

Based upon the foregoing, it is OR-DERED, ADJUDGED, AND DECREED that the motion for summary judgment of Jay Morehead is DENIED.