**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

OCTAVIA MARIE EATON,
Plaintiff-Appellant,

v.

PARAMOUNT PARKS, INCORPORATED,
d/b/a Kings Dominion, a/k/a
Paramount Kings Dominion,
Defendant-Appellee.

No. 96-2518

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-96-291-R)

Argued: March 6, 1998

Decided: April 6, 1998

Before WIDENER and WILKINS, Circuit Judges, and
MOON, United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Clarence Mosley Dunnaville, Jr., HILL, TUCKER &
MARSH, Richmond, Virginia, for Appellant. Steven Colin McCal-
lum, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Rich-
mond, Virginia, for Appellee. **ON BRIEF:** Renee L. Fleisher,

COHEN & DWIN, P.A., Baltimore, Maryland; Robert E. Walker, Jr., JOHNSON & WALKER, Richmond, Virginia, for Appellant. Charles G. Meyer, III, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Octavia Marie Eaton appeals an order of the district court granting summary judgment in favor of Paramount Parks, Incorporated (Paramount) on Eaton's claims arising from Paramount's detention, arrest, and prosecution of her for allegedly forging and uttering fraudulent checks at Paramount's Kings Dominion theme park (the park). Finding no error, we affirm.

I.

Eaton, a 420-pound black woman, was detained by Paramount security guards after four Paramount employees positively identified her as the woman who had entered the park six days earlier and written two fraudulent checks totalling more than $650 under the name of "Catherine May." After interviewing Eaton and the four employees, a Paramount security officer, who was also a deputized officer of the Hanover County, Virginia Sheriff's Department, detained Eaton and eventually took her to the Hanover County Jail.

The following day, after hearing testimony from the four employees, a magistrate found probable cause to issue warrants for Eaton's arrest for grand larceny, forgery, and uttering false checks. A grand jury also found probable cause to indict Eaton on those charges. At Eaton's trial, however, a Hanover County court dismissed the charges, ruling that the Commonwealth had not established Eaton's

2

guilt beyond a reasonable doubt.**1** Eaton then brought this action against Paramount, alleging common-law claims for false imprisonment,**2** malicious prosecution, intentional infliction of emotional distress, and battery and a statutory claim for insulting words, see Va. Code Ann. § 8.01-45 (Michie 1992). The district court granted summary judgment against Eaton on all of her claims, and she now appeals.

II.

Eaton first argues that the district court erred in granting summary judgment against her on the common-law claims on the basis that there was no genuine issue of fact regarding whether Paramount had probable cause to suspect her of the crimes she was alleged to have committed.**3** Eaton contends that whether Paramount had probable cause to suspect her was a jury issue. We disagree.

_____

**1** During the same time period in which Eaton allegedly uttered the fraudulent checks, two other women were identified as having passed fraudulent checks under the name of "Catherine May." The court noted that an identification card recovered from one of the other suspects had the same social security number that was written on the checks Eaton was alleged to have uttered. Additionally, the court believed that the witnesses might have confused Eaton with the woman pictured on the identification card. Moreover, handwriting tests of Eaton were inconclusive, and she had several alibi witnesses.

**2** Eaton also asserted a cause of action for false arrest, which in Virginia is the same tort as false imprisonment. See Motley v. Virginia Hardware & Mfg. Co., 287 F. Supp. 790, 792 (W.D. Va. 1968).

**3** To prove false imprisonment, Eaton must demonstrate that she was arrested without lawful process, see S. H. Kress & Co. v. Roberts, 129 S.E. 244, 246 (Va. 1925), and Eaton contends that her arrest was unlawful only because Paramount lacked probable cause. Furthermore, absence of probable cause is an element of the tort of malicious prosecution. See Gaut v. Pyles, 181 S.E.2d 645, 646-47 (Va. 1971). And, the initiation of criminal proceedings when there is probable cause to do so cannot constitute the intentional infliction of emotional distress. See Lewis v. First Nat'l Bank of Stuart, 645 F. Supp. 1499, 1506 (W.D. Va. 1986), aff'd, 818 F.2d 861 (4th Cir. 1987) (unpublished table decision) (per curiam). Finally, the touching accompanying Eaton's arrest would not be unlawful --and hence would not constitute a battery, see Wood v. Commonwealth, 140 S.E. 114, 115 (Va. 1927)--if the arrest was supported by probable cause.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review an order granting summary judgment de novo. See Becerra v. Dalton, 94 F.3d 145, 148 (4th Cir. 1996), cert. denied, 117 S. Ct. 1087 (1997).

"Probable cause is knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." Giant of Va., Inc. v. Pigg, 152 S.E.2d 271, 275 (Va. 1967) (internal quotation marks omitted). In evaluating whether Paramount had probable cause to take action against Eaton, "the court must look only to the time when the action complained of occurred." Chipouras v. AJ&L Corp., 290 S.E.2d 859, 862 (Va. 1982).

Here, at the time of the acts complained of, Paramount most certainly had a reasonable basis for believing Eaton had passed the fraudulent checks at issue because four employees identified Eaton in no uncertain terms. Accordingly, the district court properly granted summary judgment regarding all of these claims.

III.

Eaton also contends that the district court erred in granting summary judgment against her on her statutory claim for insulting words. We disagree.

In order to prove a cause of action for insulting words, a plaintiff must establish that the defendant's words "from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace." Va. Code Ann.§ 8.01-45. Here, Eaton has never specified exactly what insulting words she alleges were spoken to her. And, to the extent that her claim refers to the officers' explanation for why she was being detained, such an explanation under those circumstances would most certainly not"tend to violence and breach of the peace." Id. Accordingly, the district court correctly granted summary judgment against Eaton on this claim as well.[4]

_____

[4] Because we affirm the grant of summary judgment against Eaton, we conclude that her contention that venue was improperly transferred is moot.

4

IV.

In sum, we affirm the order of the district court granting summary judgment against Eaton on all of her claims.

AFFIRMED

5