UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GLORIA WILLINGHAM,
*Plaintiff-Appellant,*

and

CARL A. JACKSON,
*Plaintiff,*

v.

DOUGLAS A. CROOKE, Sergeant;
GRAHAM BUCK, Officer; SHERRY A.
BASSETT, Officer; OFFICER BRIAN,
*Defendants-Appellees,*

and

J. THOMAS MANGER, Chief of Police,
County of Fairfax; FAIRFAX COUNTY
BOARD OF SUPERVISORS; COUNTY OF
FAIRFAX; ANTHONY GRIFFIN, County
Executive,
*Defendants.*

No. 02-1200

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-00-2053-A)

Submitted: June 25, 2002

Decided: July 22, 2002

Before WILKINS, TRAXLER, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

Gloria Willingham, Appellant Pro Se. Robert Marvel Ross, COUNTY ATTORNEY'S OFFICE, Fairfax, Virginia; David John Fudala, Fairfax, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Gloria Willingham appeals only that part of the district court's judgment granting summary judgment to Sergeant Douglas Crooke and Police Officer Sheri A. Bassett on her claim under the Fourth Amendment that the officers violated her right to be free of unlawful seizure. Willingham also appeals the dismissal of her state law claims against Crooke and Bassett claiming malicious prosecution and false arrest. Upon reviewing the record, we find there is a genuine issue of material fact as to whether there was probable cause to arrest Willingham. Accordingly, we vacate the court's judgment as to Willingham's claims that she was arrested without probable cause and subject to malicious prosecution and false arrest and remand for further proceedings on those claims.

We review de novo a district court judgment granting summary judgment. *Moore Bros. v. Brown & Root, Inc.*, 207 F.3d 717, 722 (4th Cir. 2000). Summary judgment is appropriate only when there is no genuine issue of material fact that could lead a trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant." *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990) (citing *Anderson*, 477 U.S. at 255). The non-movant is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dis-

pute accepted, [and] all internal conflicts resolved favorably to him." *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979) (alteration added). To raise a genuine issue of material fact, Willingham may not rest upon the mere allegations or denials of her pleadings. Fed. R. Civ. P. 56(e). Rather, she must present evidence supporting her position through "deposition, answers to interrogatories, and admissions on file together with . . . affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Willingham's claims arose as a result of her arrest for obstruction of justice. The district court found that Crooke and Bassett were entitled to qualified immunity on Willingham's Fourth Amendment claim. A public official is entitled to qualified immunity if his conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 815-16 (1982). The qualified immunity inquiry thus focuses upon three determinations: (1) identification of the specific right allegedly violated; (2) whether, at the time of the claimed violation, that right was clearly established, and (3) whether a reasonable person in the official's position would have known that his conduct would violate that right. *Henderson v. Simms*, 223 F.3d 267, 271 (4th Cir. 2000), *cert. denied*, 531 U.S. 1075 (2001).

A violation of a clearly established right occurs when an arrest is made in a situation in which no reasonable police officer could believe that probable cause is present to support the arrest. *Rogers v. Pendleton*, 249 F.3d 279, 290 (4th Cir. 2001).

Under Virginia law, obstruction of justice "requires proof of 'acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to "obstruct" ordinarily implies opposition or resistance by direct action . . . . It means to obstruct the officer himself not merely to oppose or impede the process with which the officer is armed.'" *Rogers*, 249 F.3d at 291 (quoting *Ruckman v. Commonwealth*, 505 S.E.2d 388, 389 (1998) (internal quotation marks omitted)). "[O]bstruction of justice does not occur when a person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult" or "frustrate[s] [his or her] investigation." *Ruckman*, 505 S.E.2d at 389, 390.

In *Rogers*, this Court affirmed the judgment of the district court by finding that the arresting officers were not entitled to qualified immunity. Rogers was hosting a party on his property. Police arrived in response to a complaint about noise. Rogers met the police near the entrance to his property. After the police stated they wanted to search the premises, Rogers stated they needed a search warrant. One officer stated that Rogers "invaded his 'personal space'" and "put his face in my face." *Id.* at 284. The officer was able to step around Rogers and observe him talking to the other officer. He then arrested Rogers for obstruction of justice and public drunkenness. This Court found that under Virginia law, Rogers' conduct did not obstruct the officers from conducting their search. Even if Rogers stood in front of the officers, one of the officers was able to walk around Rogers without difficulty. *Id.* at 291.

Willingham was arrested at an acquaintance's house for obstruction of justice after police entered the house to arrest a third party. The evidence reveals a genuine issue of material fact as to whether Willingham obstructed Crooke and Bassett from searching the house for the third party. According to Willingham, she was ten-and-a-half feet away from the officers with her hands raised in the air at the point Crooke ordered her to be arrested for obstruction of justice. Evidence also suggests that Willingham was excited and histrionic upon the officers' entry. However, under Willingham's version of events there was no opposition or resistance by direct action to Crooke's or Bassett's intention to search the house.

We find there are genuine issues of material fact as to whether a reasonable officer could conclude there was probable cause to arrest Willingham for obstruction of justice. Accordingly, the officers are not entitled to qualified immunity.

Because we find there are genuine issues of material fact as to whether there was probable cause to arrest Willingham, we find improper the dismissal of Willingham's state law claims for malicious prosecution and false arrest. *See Wardlaw v. Pickett*, 1 F.3d 1297, 1304 (D.C. Cir. 1993) (false arrest may be shown by a warrantless arrest not supported by probable cause); *Pallas v. Zaharopoulos*, 250 S.E.2d 357, 359 (Va. 1979); *Gaut v. Pyles*, 181 S.E.2d 645, 647 (Va. 1971).

Accordingly, we vacate the district court's judgment as to Willingham's claim against Crooke and Bassett under the Fourth Amendment, and her state law claims against Crooke and Bassett alleging malicious prosecution and false arrest. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*